**UNITED STATES, Appellee,**

v.

**Private E–2 Carl DOWELL, Jr., SSN 414–98–1708, United States Army, Appellant.**

**· CM 436321.**

U. S. Army Court of Military Review.

16 Dec. 1981.

Major Charles A. Byler, JAGC, and Captain Thomas R. Peppler, JAGC, were on the pleadings for the appellant.

Major John T. Edwards, JAGC, Captain Rexford T. Bragaw, III, JAGC, and Captain Eugene R. Milhizer, JAGC, were on the pleadings for the appellee.

Before JONES, GARN and HANFT, Appellate Military Judges.

**OPINION OF THE COURT ON FURTHER REVIEW**

· JONES, Senior Judge:

This case is again before the Court for review after having been returned to the convening authority pursuant to the mandate of the United States Army Court of Military Appeals.[1] That Court reversed the decision of this Court as to one offense

---

1. This Court originally affirmed without opinion on 22 March 1978 appellant's conviction of AWOL (3 specifications) and aggravated assault.

(aggravated assault) and as to sentence.[2] The Court authorized the convening authority, in the alternative, to dismiss the assault charge and reassess the sentence based on the remaining findings of guilty, or to order a rehearing on the assault charge and on the sentence.

The convening authority, upon the advice of his staff judge advocate, determined that a rehearing on the assault charge was not practicable, dismissed that charge, and reassessed the sentence.[3] He initially accomplished that by publishing a supplementary general court-martial order. Subsequently, upon being advised that the form of the order was administratively incorrect, the convening authority rescinded the old order and published a new one. He signed an Action on the second occasion.

The staff judge advocate used an informal Disposition Form, DA Form 2496, in the format of a "decision paper" to advise the convening authority on the recommended course of action. He did not give appellant's trial defense counsel the opportunity to comment on this paper prior to submitting it to the convening authority. The appellant now asserts that the "decision paper" was, in effect, a post-trial review which had to be served on trial defense counsel in accordance with *United States v. Goode*, 1 M.J. 3 (CMA 1975).[4] Failure to serve a copy on the defense counsel, he argues, was error requiring a remand for "proper review and service upon ... defense counsel." We disagree.

In *United States v. Goode, supra,* the Court of Military Appeals prescribed a procedure for service of a copy of the post-trial review on trial defense counsel:

[I]t is ordered that on and after May 15, 1975, a copy of the written review required by Article 61 or 65(b), UCMJ, 10 U.S.C. § 861 or 865(b), be served on coun-

sel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate, or misleading, or on which he otherwise wishes to comment. 1 M.J. at 6.

Article 61, UCMJ, 10 U.S.C. § 861, which covers initial action by the convening authority on general court-martial records, provides in part as follows:

The convening authority shall refer the record of each general court-martial to his staff judge advocate or legal advisor, who shall submit his written opinion thereon to the convening authority.

Article 65(b), UCMJ, 10 U.S.C. § 865(b), has a similar requirement for special court-martial cases in which a bad-conduct discharge has been adjudged.

▮ Further elaboration on Articles 61 and 65(b), UCMJ, is found in paragraphs 84 and 85, *Manual for Courts-Martial,* United States, 1969 (Revised edition). Those paragraphs indicate the review requirement applies to trials, "new" trials, "other" trials, and rehearings. Rehearings may be on findings and sentence or on sentence only. Article 63, UCMJ, 10 U.S.C. § 863; paragraph 92, MCM, 1969 (Rev. ed). As the *Goode* requirement attaches to the post-trial review requirement, the staff judge advocate must serve a copy of his review on the defense counsel in the instances enumerated.[5]

▮ In the instant case, the staff judge advocate's advice to the convening authority was not a review required by Article 61 or 65(b), UCMJ, nor was it akin to or supplemental to such a review. It was not the initial written opinion on a record of trial but instead was advice concerning the alternative courses of action prescribed by the Court of Military Appeals as a result of

---

**2.** 10 M.J. 36 (CMA 1980).

**3.** The convening authority reduced the confinement from 18 to 9 months, approving the bad-conduct discharge, total forfeitures, and reduction to E-1, as adjudged.

**4.** There were two "decision papers" submitted, the second because of the "administrative" er-

rors in the first supplementary order. Neither were submitted to the defense counsel.

**5.** The courts have included in the *Goode* requirement also those cases wherein a new review and action was required as a result of appellate review.

appellate review. The *Goode* requirement, therefore, was not applicable.

We recognize that the staff judge advocate's advice included his recommendation of an appropriate sentence upon reassessment, and defense counsel could have made a plea for leniency. To impose a *Goode* type requirement in such an instance, however, would be unwise. First, there is no "problem" to be corrected as there was in *Goode*. Second, there is a limit to the number of procedural "safeguards" that can be imposed without adversely affecting the proper administration of justice. In this case, for example, mandatory service on trial defense counsel would have caused interminable delay. The convening authority was in Germany, the appellant was at Fort Knox, Kentucky, and the trial defense counsel, we note, was at The Judge Advocate General's School in Charlottesville, Virginia.

As a final reason for declining to impose a mandatory requirement in this type situation, an accused is not denied any substantial right by not being allowed to comment on every recommendation or advice submitted to the convening authority. An accused has the opportunity to challenge the action at a later stage of review and also has the opportunity to present clemency matters.

In the instant case, the appellant has neither attacked the convening authority's decision nor argued the appropriateness of the sentence. We find the error to be without merit.

The findings of guilty and the sentence are affirmed.

Judge HANFT concurs; Judge GARN not participating.