UNITED STATES, Appellee,

v.

Captain Andre (NMI) DELAND, SSN
008–42–6974, United States
Army, Appellant.

CM 442202.

U.S. Army Court of Military Review.

29 July 1983.

Captain Gunther O. Carrle, JAGC, argued
the cause for the appellant.  With him on
the brief were Colonel William G. Eckhardt,
JAGC, Lieutenant Colonel R. Rex Brook-
shire II, JAGC, Major Lawrence F. Klar,
JAGC, and Mr. Michael T. Rae (Legal In-
tern).

Captain Gary L. Hoffman, JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain Thomas E. Booth, JAGC.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

Contrary to his pleas, the appellant was convicted of falsifying an official document, his "officer's record brief"; statutory rape; sodomy; and conduct unbecoming an officer, in violation of Articles 107, 120, 125 and 133, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 920, 925 and 933 (1976). His approved sentence provides for a dismissal, confinement at hard labor for ten years and total forfeitures.

The appellant contends, *inter alia,* that the military judge erred by allowing a psychiatrist to testify regarding the victim's statements about the sex offenses, that the evidence is insufficient to support his conviction, and that the post-trial review is prejudicially misleading.

### I. *The Facts*

### A. *The Sex Offenses*

The appellant was divorced in 1979 and Mrs. Deland was given custody of their three children. The appellant retained visitation rights. The victim of the sex offenses was the appellant's seven-year-old daughter, Stefanie. She testified that while visiting the appellant in July 1980 he inserted his penis into her vagina twice, once while they were locked in the bathroom and again when she was in bed. She also testified that the appellant placed cream on her hands and told her to rub it on his penis, which she did. She further testified that the appellant spooned honey onto her vagina while she was in bed and licked it.

Stefanie's twin sister, Bridget, and an older brother, Erik, corroborated her account of the incident in the bathroom.

They testified that the appellant was alone in the bathroom with Stefanie, that Bridget tried to enter the bathroom but could not because the door was locked, that Stefanie was crying when she came out with the appellant, and that the appellant told Stefanie not to tell Bridget what had happened.

In April 1981, while Stefanie's mother was driving Stefanie, Bridget and Erik to visit the appellant she heard Stefanie tell Bridget that "daddy" had inserted his penis into her vagina. Impelled by a desire to ascertain the truth of Stefanie's accusation and concerned about Stefanie's recent anti-social behavior and persistent nightmares, Mrs. Deland took Stefanie to a Doctor Steude, who in turn referred Stefanie to a Doctor Schnackenberg, a child psychiatrist. Doctor Schnackenberg administered several tests to Stefanie, including a sentence completion test in which she was instructed to complete sentences with whatever thoughts came immediately to her mind. Among the thirty-four sentences which Stefanie was asked to complete, she completed three of them as follows (the underscored portion completed by Stefanie):

I worry about <u>daddy.</u>

I don't like <u>daddy doing these things to me</u>.

Sometimes I think about <u>daddy and me alone</u>.

When Doctor Schnackenberg questioned Stefanie about her answers, she told him that the appellant had placed his penis in her vagina, asked her to lick and suck his penis, and licked her vagina. The military judge permitted Doctor Schnackenberg to testify over defense objection, ruling that his testimony was admissible under Military Rule of Evidence 803(4).

Captain Sara Rodgers, M.D., a pediatrician, testified that she examined Stefanie nine to twelve months after the incident and found a slight stretching of the perihymenal area, but no other physical signs of sexual intercourse. Captain Rodgers testified that such stretching was abnormal, but that her opinion was a judgment call which might be contradicted by other experts.

The appellant testified on his behalf and denied sexually molesting Stefanie. Lieutenant Colonel Milton Hutchinson, M.D., an expert in obstetrics and gynecology, testified that he examined Stefanie and found no evidence of stretching in her vagina and no other evidence of sexual molestation. The defense also introduced evidence to establish that Mrs. Deland was engaged to a man who physically resembled the appellant, had a history of child molestation, collected pornography, and had a habit of masturbating while watching pornographic movies.

In rebuttal the prosecution called two of the appellant's former supervisors who testified that the appellant had a poor reputation for truthfulness.

### B. *The Offenses Involving the Appellant's Personnel Records*

The civilian education section of the appellant's officer record brief (ORB) which was prepared in May 1980 reflected that the appellant had a Masters Degree in International Relations from Canal Zone College. On 2 September 1980 the appellant audited his ORB and signed it after making numerous corrections in the assignment history section, updating the date of his latest physical examination and changing his mailing address. He made no change to the civilian education section. On 3 June 1981 the appellant was advised by a military law enforcement agent that he was suspected of rape, sodomy, conduct unbecoming an officer and falsifying his personnel records. On 6 July 1981, in compliance with a written request dated 18 June 1981 that he perform the annual audit of his records, the appellant again audited his ORB and made several changes, including deletion of the masters degree from Canal Zone College. The appellant also deleted an entry reflecting that he could read and understand Chinese, which had not appeared in the May 1980 ORB. He also corrected his permanent grade and date of rank, even though those two entries were reflected in the same erroneous manner on both the May 1980 and September 1980 ORBs. Lastly, he corrected his mailing address, place of birth

and made additional corrections in his assignment history. First Lieutenant Kenneth Carroll, who had been the appellant's executive officer from May 1980 until November 1980, testified that the appellant told him that he had two masters degrees. Mrs. Gene Handy, who had been the appellant's secretary, also testified that the appellant told her that he had two masters degrees. Mrs. Deland testified that the appellant did not attend any college classes while they were stationed in Panama.

### II. *The Admissibility of Doctor Schnackenberg's Testimony*

Over defense objection, the military judge admitted the testimony of Doctor Schnackenberg under Military Rule of Evidence 803(4) as substantive evidence that Stefanie had been molested. The rule allows the admission, as an exception to the hearsay rule, of "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." The military rule adopts Federal Rule of Evidence 803(4). *See* Manual for Courts-Martial, United States, 1969 (Revised edition), Analysis of the Military Rules of Evidence at A18–103 through A18–104.

We hold that Doctor Schnackenberg's testimony regarding Stefanie's statements to him was admissible under Military Rule of Evidence 803(4). On its face, Doctor Schnackenberg's testimony relating Stefanie's statements appears to fit squarely under the rule. However, the appellant contends that Stefanie's statements to Doctor Schnackenberg are not admissible because the underlying basis for the rule was absent. The appellant correctly points out that the drafters of Military Rule of Evidence 803(4) considered statements made for the purposes of medical diagnosis or treatment trustworthy because of the "presumption that an individual seeking relief from a medical problem has incentive to make accurate statements." Manual for

Courts-Martial, United States, 1969 (Revised edition), Analysis of the Military Rules of Evidence at A18–104. He argues that Stefanie did not know why she was seeing Doctor Schnackenberg, suffered from no physical ailments and was not sophisticated enough to recognize her psychological problems or understand how Doctor Schnackenberg could help her.

■ We believe that the appellant construes Military Rule of Evidence 803(4) too narrowly. The appellant would limit the rule to statements regarding physical ailments; we hold that the rule applies to psychiatrists treating mental ailments as well as physicians treating physical ailments. See United States v. Lechoco, 542 F.2d 84, 89 n. 6 (D.C.Cir.1976); 4 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 803(4)[01] at 803–131 (1982). The appellant would require that the proponent of the evidence prove that the patient was motivated by a desire to obtain relief from a medical problem; we hold that the patient's motivation need only be consistent with promoting diagnosis or treatment. We hold further that there is no requirement that the proponent of the evidence prove that the patient understood the nature of the ailment or how it would be treated.

In the seminal case of United States v. Iron Shell, 633 F.2d 77 (8th Cir.1980), cert. denied, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981), the court admitted evidence of a statement made by a nine-year-old girl to a physician. The court pointed out that there was no evidence indicating that the girl's motive "was other than as a patient seeking treatment," and that "there is nothing in the content of the statements to suggest that [the girl] was responding to the doctor's questions for any reason other than promoting treatment." Id. at 84. In a later case the same court explained its Iron Shell holding by pointing out that the admission of the girl's statements in Iron Shell was proper because there was no "improper motive." Roberts v. Hollocher, 664 F.2d 200, 204–05 (8th Cir.1981). Similarly, in United States v. Nick, 604 F.2d 1199 (9th

Cir.1979), the court admitted statements made to an examining physician by a three-year-old victim of a sexual assault without any affirmative proof that the child was motivated by a desire for relief from a physical ailment. Accordingly, we conclude that the prosecution was not required to prove, as a condition precedent to admissibility, that Stefanie's statements were motivated by a desire for relief from her psychological problems. In this case the prosecution established that Stefanie knew she was talking to a doctor because of her nightmares, that she was cooperative, and that the doctor based his diagnosis and treatment on her description of the incidents with her "daddy." Accordingly, we hold that Stefanie's statements to Doctor Schnackenberg were admissible under Military Rule of Evidence 803(4) in the absence of evidence of an improper motive.

■ One additional matter requires discussion. Statements admitted under Military Rule of Evidence 803(4) must be pertinent to diagnosis and treatment. United States v. Iron Shell, 633 F.2d at 84. Therefore, statements describing what happened to the victim are regarded as pertinent, but statements regarding the identity of the person inflicting an injury ordinarily are not considered pertinent. Id; United States v. Narcisco, 446 F.Supp. 252 (E.D. Mich.1977). See Advisory Committee's Note, 46 F.R.D. 355. However, in the case before us the identity of the perpetrator clearly was pertinent. Doctor Schnackenberg testified that the identity of the perpetrator in a sexual molestation case involving a small child is essential for psychiatric treatment. Accordingly, we hold that evidence of Stefanie's identification of the perpetrator as "daddy" and her references to "daddy" were pertinent to diagnosis and treatment and therefore are admissible. See 4 J. Weinstein & M. Berger, supra, at 803–131.

### III. Sufficiency of the Evidence

#### A. The Sexual Offenses

■ We are satisfied beyond a reasonable doubt of the appellant's guilt of the

statutory rape of Stefanie, his seven-year-old daughter. Her testimony, corroborated by the testimony of her brother and sister and further corroborated by her statements to Doctor Schnackenberg, is convincing. However, we are not satisfied that the prosecution established the sodomy offense. Although Doctor Schnackenberg testified that Stefanie referred to an incident in which she sucked as well as licked the appellant's penis, she testified only to licking it. Likewise, she testified that the appellant licked her vagina. Penetration is an essential element of sodomy. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 204; *United States v. Dearman,* 7 M.J. 713, 715 (A.C.M.R.1979). We find the evidence of penetration insufficient. However, we find the evidence sufficient to establish the appellant's guilt of the lesser included offense of committing indecent, lewd and lascivious acts with a child under the age of sixteen, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976).

### B. *Falsification of Records*

◼ We find the evidence insufficient to convince us that the appellant falsified his officer record brief with intent to deceive. There is no evidence that he did not have a masters degree. There is no evidence that the appellant caused the entry reflecting a masters degree from Canal Zone College to have been placed on his ORB, nor is there any evidence that he intentionally failed to delete it when he reviewed his ORB in July of 1980. There is no evidence that he understood or was ever informed that his signature attested to the truth of all entries on the ORB. Lastly, there is no evidence that the appellant intended to deceive anyone. Accordingly, we will set aside the conviction of Specification 2 of Charge I and Specification 4 of Charge IV.

### IV. *Post-Trial Review*

The trial defense counsel pointed out several deficiencies in the post-trial review in his rebuttal submitted in accordance with *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975). We believe that those deficiencies were remedied when the staff judge advocate called the convening authority's attention to the defense rebuttal. Before this Court, the appellant asserts that the post-trial review inadequately summarized and characterized the testimony of Captain Sara Rodgers and the testimony of Bridget DeLand during a hearing on a defense motion *in limine.* We hold that these deficiencies were waived. *Id.*

The appellant also asserts that the post-trial review incorrectly stated that the motion *in limine* was directed toward the testimony of both Bridget and Stefanie, when in fact it was only addressed to Bridget's testimony. We agree that the post-trial review was inaccurate in this regard. However, any error worked in the appellant's favor by indicating that there was a controversy about Stefanie's appreciation of the need to tell the truth.

The remaining deficiencies in the post-trial review are rendered moot by our action with respect to Specification 2 of Charge I and Specification 4 of Charge IV.

The findings of guilty of Specification 2 of Charge I and Specification 4 of Charge IV are set aside, and those specifications are dismissed. Only so much of the findings of guilty of Charge III and its specification is affirmed as finds that the appellant did, at Fort Jackson, South Carolina, an installation under exclusive military control, during the month of July 1980, commit a lewd and lascivious act with Stefanie DeLand, a child under the age of sixteen years, by placing his mouth on her vagina and by causing her to rub his penis, with intent to gratify his sexual desires, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for a dismissal, confinement at hard labor for eight years and forfeiture of all pay and allowances.

Senior Judge O'DONNELL and Judge WERNER concur.