UNITED STATES

v.

**Technical Sergeant Calvin D. BREUER, FR 467–80–1500, United States Air Force.**

**ACM 23477.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 29 Dec. 1981.

Decided 28 Sept. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the Government: Colonel James P. Porter, Colonel Kenneth R. Rengert, Major George D. Cato and Captain Kathleen A. McGah, USAFR.

Before POWELL, KASTL, and RAICHLE, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

The accused asserts that the military judge erred by striking the entire testimony of a defense expert witness who testified during the pre-sentencing phase of the trial. We agree and order a rehearing.

In accordance with his pleas, the accused was found guilty by a general court-martial, consisting of members, of sodomy and lewd and lascivious acts involving girls eight and four years old, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925, 934. His sentence, as approved by the convening authority, extends to a bad conduct discharge, confinement at hard labor for three years, and reduction to the grade of airman.

I

During the extenuation and mitigation portion of the trial, the defense called Major Thomas R. Mareth, an Air Force psychiatrist, whom the court accepted as an expert in psychiatry.

Responding to initial defense inquiries as to treatment opportunities for child abusers, Dr. Mareth explained the causes of such abnormal behavior. He testified that, absent schizophrenia, organic brain disorder, or disorders of impulse control, the principal diagnosis would be pedophilia. He described pedophilia as a condition in which a person "either repeatedly or as a preferred method of sexual gratification gets that gratification from children." He added that such a person may have marked feelings of inadequacy, feel threatened by adult heterosexual relations, or have difficulty with self-esteem.

Hypothetical questions were then posed by the defense, seeking to elicit an opinion as to the root cause of the accused's conduct assuming otherwise normal behavior and no organic brain damage. Trial counsel ob-

jected to the defense questions as irrelevant unless the defense could tie such diagnosis to the accused. The military judge over-ruled the objection, subject to later connection by the defense. During extensive cross-examination, trial counsel sought to show that Dr. Mareth had not examined the accused and thus had insufficient data to make a definitive diagnosis of pedophilia; trial counsel again renewed his motion to strike Dr. Mareth's entire testimony. This time, the military judge granted the motion.

In our view, the military judge erred. ■ We begin our analysis by noting that the hypothetical question [1] is the generally approved method of eliciting expert opinion testimony based on evidentiary data assumed to be true *where the expert has no firsthand knowledge.* 2 Wigmore, *Evidence* 792–794 (3d ed. 1940); McCormick, *Evidence* 30 (1954). Thus, Dr. Mareth's failure to examine the accused did not disqualify him *per se* from offering his opinion regarding pedophilia upon a hypothetical set of facts.

The underlying factual assumptions made in a hypothetical question put to an expert witness must remain within the range of issues and include only such matters as are supported by the evidence, directly or inferentially. McCormick *supra,* at 31. Annotation, 56 A.L.R.3d 300, 319 (1974).[2] A hypothetical question cannot assume the existence of facts utterly extrinsic to the evidence. McCormick, *supra,* at 31–32. In this vein, it is generally acknowledged that counsel is not confined to the positive and direct testimony in the record, but may predicate the question upon a theory which can be reasonably deduced or rationally inferred from the evidence. *Jenkins v. Chicago & E.I. Railroad,* 5 Ill.App.3d 954, 284 N.E.2d 392, 402 (1972); *Burns v. Bridge Engineering Corp.,* 465 S.W.2d 427, 431–432

(Tex.Civ.App.1971); *Kramer v. Sioux Transit, Inc.,* 85 S.D. 232, 180 N.W.2d 468, 471–472 (1970); *Christy v. Saliterman,* 288 Minn. 144, 179 N.W.2d 288, 303–304 (1970). *See also, Massachusetts Mut. Life Ins. Co. v. Brei,* 311 F.2d 463, 470–473 (2d Cir. 1962) and *State ex. rel. Richardson v. Edgeworth,* Miss., 214 So.2d 579, 585 (1968). *See generally,* McCormick, *supra,* at 33. Here, we find that the defense hypothetical questions, though perhaps inartfully propounded, clearly related to facts in evidence, in part directly and in part inferentially; we find these questions well within acceptable parameters.

■ There is an additional reason for finding the hypothetical questions admissible: In this case, the matter arose during mitigation and extenuation, where the rules of evidence are traditionally relaxed in military practice.[3] Moreover, the totality of that pre-sentencing testimony went far beyond a diagnosis or prognosis by Dr. Mareth. To the contrary, it provided an explanation of the psychological and physical causes of child abuse, including forms of treatment and the incidence of recidivism.

We view this evidentiary issue as a complex one and recognize that courts have generally counselled deference to the sound discretion of the trial judge in such matters. 2 Wigmore, *supra* 805–809; *Stucky v. Johnson,* 213 Kan. 738, 518 P.2d 937, 938 (1974); *Lehigh Portland Cement Co. v. Dobbins,* 282 Ala. 513, 213 So.2d 246, 249 (1968). *See generally,* 31 Am.Jur.2d *Expert and Opinion Evidence* 560 (1967). Nevertheless, in this case, we believe on balance that the judge erred, especially since the evidence proffered by the defense was probative in the presentencing phase of the trial. *United States v. Barfield,* 22 U.S.C.M.A. 321, 46 C.M.R. 321, 322. *See generally,* Analysis, Mil.R.Evid. 703. It follows that its exclusion seriously impaired the accused's ability

---

1. The hypothetical question has been subject to much criticism. See generally Judge Learned Hand, New York Bar Association Lectures on Legal Topics, 1921–1922 ("the most horrific and grotesque wen on the fair face of justice."). See generally 2 Wigmore, *Evidence* 812–813 (3d ed. 1940).

2. The annotation contains an extensive gathering of decisions in civil cases.

3. Paragraph 75*c,* Manual for Courts-Martial 1969 (Rev.) *United States v. Plante,* 13 U.S.C.M.A. 266, 32 C.M.R. 266, 274 (1962); *United States v. Ledezma,* 4 M.J. 838, 839 (A.F.C.M.R. 1978).

to present relevant information in extenuation and mitigation. We are aware that Dr. Mareth did not personally examine the accused, but believe this goes to the weight of his testimony, not its admissibility.

## II

The accused also argues that his pleas of guilty to the sodomy offenses were improvident. The accused specifically admitted that he "kissed" the first child and that, as to the second girl, he "kissed her vagina with his mouth." The argument is now made that since some penetration of the female sex organ is required and there was no evidence of such penetration, the findings of guilty cannot be sustained.

We disagree. The military judge correctly enumerated the elements of the offense of sodomy and fully advised the accused that any penetration, however slight, was sufficient to complete the offense. As we read the record, the accused was fully apprised of the elements of the offense of sodomy and the accused admitted that he committed this offense. Therefore, we are convinced that the pleas of guilty were provident.[4] *See, United States v. Harris,* 8 M.J. 52 (C.M.A.1979): *See also, United States v. Farrell,* 18 C.M.R. 680, 683 (A.F.B.R.1954) and *United States v. Brown,* 13 C.M.R. 731, 733 (A.F.B.R.1953)[5]. We have independently examined the pleas of guilty and are convinced that the accused was adequately advised. *United States v. Kilgore,* 21 U.S.C.M.A. 35, 44 C.M.R. 89, 91 (1971); *United States v. Wimberly,* 20 U.S. C.M.A. 50, 42 C.M.R. 242 (1970). *See generally, United States v. Luby,* 14 M.J. 619 (A.F.M.C.R.1982).

## III

The accused also claims that the military judge erred by denying a defense challenge for cause against one court member. The member was the direct supervisor of Sergeant C, the father of one of the victims. The member testified that he could be impartial and that he had no social contact with Sgt. C or his family. On the facts of this case, we find that the military judge did not abuse his discretion in denying the challenge for cause. *United States v. Fort,* 16 U.S.C.M.A. 86, 36 C.M.R. 242, 244 (1966); *United States v. Pollack,* 9 M.J. 577, 579–580 (A.F.C.M.R.1980). *See also, United States v. Davenport,* 14 M.J. 547 (A.C.M.R.1982). We find *United States v. Barnes,* 12 M.J. 956 (A.F.C.M.R.1982) distinguishable in both letter and spirit from the instant case on its facts.

The findings of guilty are affirmed. The sentence is set aside. A rehearing on sentence may be ordered.[6]

AFFIRMED.

RAICHLE, Judge, concurs.

POWELL, Senior Judge, absent.

---

4. The issue could have been avoided had there been a more extensive discussion on the record of this element. We urge counsel to be alert to the need for "protecting the record" in such matters.

5. For earlier analysis of the required elements of the offense of sodomy and the differences at that time between Army and Air Force positions, see *United States v. Hoffman,* 7 C.M.R. 157, 161–162 (A.B.R.1952) and *United States v. Barnes,* 2 C.M.R. 797, 799 (A.F.B.R.1952).

6. In light of our disposition of the first assignment of error, resulting in a sentence rehearing, we need not discuss the assignment of error that trial counsel's sentencing argument was improper.