UNITED STATES, Appellee,

v.

Carl DOWELL, Jr., Private, U.S. Army, Appellant.

No. 35827.

CM 436321.

U.S. Court of Military Appeals.

May 16, 1983.

For Appellant: *Captain Thomas R. Peppler* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Raymond C. Ruppert, Major Joyce E. Plaut* (on brief); *Lieutenant Colonel R. Rex Brookshire, Major Paul J. Luedtke.*

For Appellee: *Captain Eugene R. Milhizer* (argued); *Colonel R.R. Boller, Lieutenant Colonel John T. Edwards, Major Rexford T. Bragaw, III* (on brief); *Colonel James Kucera, Major Thomas M. Curtis.*

*Opinion of the Court*

COOK, Judge:

This is the second time this case has been before this Court. Initially, appellant was convicted, contrary to his pleas, of three specifications of absence without leave and one specification of aggravated assault, in violation of Articles 86 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 928, respectively. A military judge sitting as a general court-martial sentenced appellant to a bad-conduct discharge, confinement at hard labor for 18 months, total forfeitures, and reduction to the grade of E–1. The convening authority approved the sentence, and the Court of Military Review affirmed. This Court, in a divided opinion, reversed the Court of Military Review as to the offense of aggravated assault and the sentence. We returned the record of trial to the Judge Advocate General of the Army "for submission to a con-

vening authority, who may dismiss the aggravated assault charge and reassess the sentence based on the remaining findings of guilty, or order a rehearing on the aggravated assault charge and the sentence." *United States v. Dowell,* 10 M.J. 36, 41 (C.M.A.1980).

The Judge Advocate General returned the record to the same headquarters where appellant's initial trial was convened. By this time a new convening authority had assumed command, and a new staff judge advocate had been assigned. In order to familiarize the convening authority with the posture of the case, the staff judge advocate prepared a "Decision Paper" outlining the charges, the appellate history of the case, and the two alternatives presented by this Court. Since appellant had already served his term of confinement, the staff judge advocate suggested that a retrial on the aggravated assault charge would be pointless, and he recommended reassessing the sentence. The convening authority agreed and, in accordance with the staff judge advocate's recommendation, reduced the confinement at hard labor to 9 months. The remaining sentence was approved as adjudged.

Thereafter, the staff judge advocate prepared a second decision paper and proposed that the convening authority substitute a new action in order to correct certain administrative errors contained in the previous action. The convening authority agreed and so acted. None of the changes in this latter action are relevant to this appeal. However, what is significant is that neither of these decision papers was served on any counsel purporting to represent appellant.

Upon appeal to the Court of Military Review, appellant assigned as error the fact that he was denied an opportunity to respond to the staff judge advocate's decision papers. Appellant did not, at the Court of Military Review, allege that either of the decision papers was in any way defective.

The Court of Military Review concluded that the decision papers were unlike post-trial reviews and did not fall within the mandate of *United States v. Goode,* 1 M.J. 3 (C.M.A.1975) (defense counsel must be given an opportunity to comment on post-trial reviews prior to convening authority's action). For this and other reasons, the Court of Military Review concluded that the Government had no obligation to offer trial defense counsel an opportunity to respond to the decision papers. *United States v. Dowell,* 12 M.J. 768, 769–70 (A.C.M.R.1981). We granted review to determine the correctness of the Court of Military Review's conclusion. 13 M.J. 391 (C.M.A.1982).

However, before this Court, two new elements have surfaced which substantially undermine the pertinence of the granted issue. Substitute appellate defense counsel have identified two defects in the staff judge advocate's first decision paper which were not brought to the attention of the Court of Military Review. In that paper, the staff judge advocate incorrectly listed the duration of appellant's absences as being those originally charged. In fact, by exceptions and substitutions, these durations were found to be considerably less than as charged. For example, instead of being AWOL for a total of 131 days, as the staff judge advocate indicated in the decision paper, appellant was actually found to be AWOL for a total of 53 days. We find discrepancies of this magnitude to be significant, to say the least.

In addition, contrary to the representation of the successor staff judge advocate, none of these absences of which appellant was convicted exceeded 30 days. Thus, the offenses were not sufficient in-and-of themselves to warrant imposition of a bad-conduct discharge. Para. 127c, Table of Maximum Punishments, Manual for Courts-Martial, United States, 1969 (Revised edition). Only application of the third "escalator" clause[1] in paragraph 127c, Section B, Man-

---

1. That clause provides that:

If an accused is found guilty of two or more offenses for none of which dishonora-

ble or bad-conduct discharge is authorized, the fact that the authorized confinement without substitution for these offenses is six

ual, *supra,* provided the convening authority with a basis for approving a bad-conduct discharge. However, the convening authority was not advised of this point. Indeed, based on the Decision Paper, he might have assumed, incorrectly, that the longest absence alone permitted approval of a punitive discharge.

■ Traditionally, we have held that the authority adjudging a punitive discharge based on an escalator clause must be advised of the basis for enhanced punishment. *E.g. United States v. Yocom,* 17 U.S.C.M.A. 270, 38 C.M.R. 68 (1967); *United States v. Killion,* 16 U.S.C.M.A. 511, 37 C.M.R. 131 (1967); *United States v. Jackson,* 16 U.S.C.M.A. 509, 37 C.M.R. 129 (1967). However, recently in *United States v. Timmons,* 13 M.J. 431 (C.M.A.1982), we concluded that the accused was not prejudiced by the military judge's failure to advise the court members of the applicability of one of the other "escalator" clauses of Section B. In *Timmons,* it hardly seemed to benefit the accused to inform the court members that the reason a punitive discharge was authorized was because he was a recidivist. But here, in a reassessment action, where one of the pylons of the previous sentence had been removed, it seems more urgent that the convening authority be advised of the changed circumstances permitting approval of the discharge.

The rule we fashioned in *United States v. Goode, supra,* and extended in *United States v. Narine,* 14 M.J. 55 (C.M.A.1982) (new matters contained in supplemental staff judge advocate review must be served on defense counsel in the same manner as the original review), was designed to stimulate early identification of problems with courts-martial and post-trial reviews and to facilitate their resolution at the lowest pos-

sible level. In this manner, it was hoped that time and money would be saved and that all parties would benefit. It is perhaps noteworthy that, in the instant case, a post-trial review was duly prepared by the original staff judge advocate and provided to trial defense counsel for comment. In that review, the staff judge advocate correctly stated the duration of the absences of which appellant was ultimately convicted, and trial defense counsel offered no objection to the contents of the review. We might speculate that, had the successor staff judge advocate here likewise provided defense counsel with copies of the decision papers for rebuttal, this issue might never have arisen.

■ Be that as it may, our holding today is only that, absent some waiver by the defense, a staff judge advocate has an obligation to provide correct information to the convening authority, for there can be no justice, no due process of law, where a convening authority is substantially misled as to fact or law. Admittedly, it would appear that a staff judge advocate would be well advised to refer such matters to trial or substitute defense counsel prior to action to assure accuracy and to eliminate appellate issues. However, we decline, at this time, to institute this as a requirement in all cases.

The decision of the United States Army Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Army for submission to a convening authority for reassessment of the sentence,[2] based upon correct advice of a staff judge advocate.

Chief Judge EVERETT and Judge FLETCHER concur.

---

months or more will, in addition, authorize bad-conduct discharge and forfeiture of all pay and allowances.

2. The maximum sustainable sentence is that approved in the action dated April 13, 1981.