**UNITED STATES, Appellee,**

**v.**

**Private First Class Luan V. TU, 586–40–3109, United States Army, Appellant.**

**ACMR 8802454.**

U.S. Army Court of Military Review.

9 March 1990.

For Appellant: Colonel John T. Edwards, JAGC, Captain Jeffrey J. Fleming, JAGC (on brief).

For Appellee: Colonel A.F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Gary L. Hausken, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before DeFORD, KANE and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

KANE, Judge:

Contrary to his pleas, appellant was convicted by a military judge sitting as a general court-martial of sodomy upon a child under the age of sixteen years, unlawful entry, and indecent acts with a child under the age of sixteen years in violation of Articles 125 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934 (1982) [hereinafter UCMJ]. His approved sentence included a bad-conduct discharge, confinement for eighteen months, and forfeiture of $200.00 pay per month for eighteen months.

On appeal, the appellant contends that the evidence of record is insufficient to establish the element of penetration necessary to support his conviction for sodomy. We disagree. However, we agree with the appellant's contention that a new review and action is required in his case because of errors in the post-trial review process.

### I

As to the first assignment of error, the evidence of record includes a tape recorded interview of the appellant by law enforcement officials. During this interview, the appellant repeatedly admitted to performing "oral sex" upon the victim. The appellant later executed an affidavit in which he again admitted "kissing and licking the vagina" of the victim and performing "oral sex" upon the victim. The appellant contends that this evidence is insufficient to establish the element of penetration essential to a conviction for the offense of sodomy; he argues that the evidence establishes no more than the offense of indecent acts.

This court has previously held that testimonial evidence that an accused merely "licked" a vagina does not suffice to establish a penetration. *See, e.g., United States v. Deland,* 16 M.J. 889, 893 (A.C.M.R.1983), *affirmed in part reversed in part,* 22 M.J. 70 (C.M.A.), *cert. denied,* 479 U.S. 856, 107 S.Ct. 196, 93 L.Ed.2d 128 (1986). However, evidence that an accused "licked" a victim's vagina does not refute penetration. *Cf. United States v. Cox,* 18 M.J. 72 (C.M.A. 1984) (reviewing a specification for sufficiency to state an offense); *United States v. Breuer,* 14 M.J. 723, 726 (A.F.C.M.R. 1982) (plea of guilty to sodomy was provident even though the accused only admitted kissing a vagina with his mouth in light of the military judge's advice regarding the requisite element of penetration). There is, quite simply, an issue of fact whether there has been some penetration. *See United States v. Harris,* 8 M.J. 52, 53 (C.M.A. 1979).

In its denotative, anatomical meaning, the word "vagina" refers to no more than the canal which leads from the female uterus to the external orifice of the genital canal, *Webster's New Third World Dictionary* 2528 (1981), and does not include those other physiological parts of the female sex organ which otherwise lie "entirely inside the body's perimeter." *United States v. Cox,* 18 M.J. 72, 73 (C.M.A.1984). If an accused places his tongue against a vagina in the literal sense of that word, the offense of sodomy is complete because penetration of the female sex organ is inherent in any touching of a vagina even though there is no penetration of the vagina *per se. Cf. United States v. Williams,* 25 M.J. 854, 855 (A.F.C.M.R.1988) (licking the cli-

toris is sufficient to make out the offense of sodomy).

■ However, the word "vagina" is also used in a connotative or pejorative sense as a reference to the entire female sex organ. Thus, an ambiguity in proof arises when evidence indicates no more than that an accused has "licked a vagina"; without more, such evidence may establish nothing more than a "passing of the tongue" over the female sex organ, proof which does not establish the requisite element of penetration. *United States v. Deland, supra; see also United States v. Cox, supra.* The case at bar presents no such ambiguity.

■ In his confessions, the appellant himself summarized his licking and kissing of the appellant's vagina as "oral sex." The term "oral sex" is synonymous with those acts which constitute oral sodomy, fellatio and cunnilingus. *See, e.g., United States v. Yates,* 24 M.J. 114, 117 (C.M.A.), *cert. denied,* 484 U.S. 852, 108 S.Ct. 154, 98 L.Ed.2d 109 (1987); *United States v. Freeman,* 23 M.J. 531, 537 (A.C.M.R.1986); *United States v. Quarles,* 25 M.J. 761, 776 (N.M.C.M.R.1987). Such an admission is circumstantial if not direct evidence that the appellant performed an act of cunnilingus punishable as sodomy under Article 125 of the Code. *See United States v. Harris,* 8 M.J. 52 (C.M.A.1979). We find the evidence of record sufficient to support the appellant's conviction for sodomy.

## II

The appellant also contends that the staff judge advocate's addendum to the post-trial recommendation was tainted with statements which may have misled the convening authority. The appellant was charged with the offenses of rape, sodomy upon a child under the age of sixteen years, committing an indecent act upon a child under the age of sixteen years, and burglary.

The burglary specification alleged in part that the appellant broke and entered the dwelling house of the victim with the intent to rape her. At trial, the appellant's defense was premised upon the affirmative defense of mistake of fact and relied on proof of the victim's mental incapacity and of the lack of common language between them. The military judge entered findings of not guilty to the charge of rape, findings of guilty to the charges of sodomy and indecent acts, and findings of guilty by exceptions and substitutions to the charge of unlawful entry excepting the words "break and enter" and "with the intent to commit rape therein." He entered findings of not guilty to the excepted language.

In a post-trial request for clemency as authorized by Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1105 [Hereinafter R.C.M.], the appellant stated in part:

[The appellant] lacked the communicative ability to draw a full understanding of the circumstances which existed at the time of the offenses. This lack of communication stemmed from [the appellant's] limited English ability as a Vietnamese native and from the combination that the victim, ..., was a German citizen and also suffering from a mental incapacity. Given different circumstances, the likelihood of a reoccurence [sic] of such an incident of those giving rise to these offenses, is highly improbable. Therefor, an extended, lengthy period of confinement (18 months) is unnecessary.

The staff judge advocate responded to the appellant's representations in an addendum to his post-trial recommendation. The addendum provides in part:

4. Finally, defense counsel alleges that the offenses that the accused was found guilty of were the result of a miscommunication between the accused and the victim. I disagree.

5. The facts, as adduced at trial, show that the accused sodomized and performed indecent acts upon a 14 year old retarded German girl *after he broke into her room.* After a thorough review of the record of trial, it is clear that the accused took advantage of the victim to gratify his own sexual desires. Further, *the defense of "miscommunication," or mistake of fact, is not a valid defense to the charges of sodomy and indecent*

*acts upon a child under 16.* [Emphasis added].

The appellant contends that the addendum to the post-trial review misstated the facts of the case by advising the convening authority that the appellant had been convicted of breaking and entering. The appellant also contends that the staff judge advocate's recitation of the law of mistake of fact *"specifically excluded* appellant's mistaken belief as a matter that the convening authority should consider before taking action."

### A

 When taking final action in a court-martial, the convening authority functions in two capacities, one executive and the other quasi-judicial. A convening authority has complete discretion to disapprove findings of guilty and any portion or all of an adjudged sentence. *United States v. McKinley,* 27 M.J. 78 (C.M.A. 1988); *United States v. Mann,* 22 M.J. 279 (C.M.A.1986). Thus, the convening authority affords the accused both his first opportunity for clemency and his first opportunity for correction of legal error. *See generally* Article 60, UCMJ. *Compare United States v. Hill,* 27 M.J. 293, 295 (C.M.A. 1988) (the convening authority may correct legal error), *with United States v. Healy,* 26 M.J. 394, 396 (C.M.A.1988) (convening authority may grant mercy by reducing the accused's sentence). These functions are, however, distinct. *Cf. United States v. Healy,* 26 M.J. at 395 (sentence appropriateness is a judicial function; clemency is an act of mercy).

 When taking final action on the findings and sentence, the convening authority considers legal error in his quasi-judicial capacity and must therefore apply appropriate legal standards of review. *See United States v. Dowell,* 15 M.J. 351, 353 (C.M.A.1983); *see also United States v.*

*DeGrocco,* 23 M.J. 146, 147 (C.M.A.1987). Clemency is a matter of executive grace and the convening authority therefore acts in his executive capacity. *See United States v. DeGrocco,* 23 M.J. at 147; *see generally United States v. Healy,* 26 M.J. at 396. When serving in this latter function, the convening authority's discretion is plenary and he has complete discretion to disapprove findings of guilty and any portion or all of an adjudged sentence. *United States v. McKinley,* 27 M.J. 78 (C.M.A. 1988); *United States v. Mann,* 22 M.J. 279 (C.M.A.1986). Thus, the convening authority's final action in a court-martial may require him to apply independent and oft-times inconsistent standards. *Compare United States v. Heirs,* 29 M.J. 68, 69 (C.M.A.1989) (the convening authority may not consider matters from outside the record when considering an assertion of legal insufficiency), *with United States v. Mann,* 22 M.J. 279 (C.M.A.1986) (a convening authority may consider matters from outside the record in exercising his power to grant clemency).

 Convening authorities generally lack formal legal education and they rely heavily on the recommendations and guidance of staff judge advocates when performing their post-trial functions. However, staff judge advocates themselves act in a dual role in the post-trial process. In providing advice to the convening authority in his quasi-judicial role, the staff judge advocate must advise the convening authority that corrective action is appropriate whenever it is, in his opinion, warranted. R.C.M. 1106(d)(4).[1] Further, the staff judge advocate is required to advise the convening authority of the merits of any post-trial assertion of legal error by an accused. *United States v. Hill,* 27 M.J. at 296. Conversely, the staff judge advocate has a prosecutorial duty to respond to an accused's request for clemency by providing the convening authority with any infor-

---

1. Rule 1106(d)(4) provides in pertinent part: The staff judge advocate or legal officer is not required to examine the record for legal error. However, ..., the staff judge advocate shall state whether, ..., corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted under R.C.M. 1105 or when otherwise deemed appropriate by the staff judge advocate. R.C.M. 1106(d)(4).

mation, even extra-record matter, which reflects adversely on the accused's worthiness for clemency.[2] R.C.M. 1106(d)(5); *see also* R.C.M. 1107(b)(3)(B)(iii).

■■■ The post-trial process established by the Manual authorizes the staff judge advocate to address these distinct considerations simultaneously in the post-trial recommendation and addendum. *See* R.C.M. 1106(d). Consequently, there is an inherent hazard that the distinction between the independent standards and matters otherwise permissibly considered might become impermissibly blurred to the accused's prejudice. Consequently, it is paramount that the post-trial recommendation and any addendum thereto be "well-written and carefully considered," *United States v. Hill,* 27 M.J. at 296, as well as substantially correct both in fact and in law. Considered in tandem with the presumption of regularity of official acts, this court can thus be assured that a convening authority has performed his independent functions in accordance with the requirements of law. If the staff judge advocate's post-trial submissions substantially mislead the convening authority, his post-trial action will not satisfy the requirements of due process. *United States v. Dowell, supra; see, e.g., United States v. Heirs, supra.*

**B**

■■■ Applying the foregoing analysis to the case at bar, we find that the matters raised in the appellant's post-trial submission clearly sounded in clemency. Therefore, the convening authority was not bound by the record of trial or the rulings of the military judge in his evaluation of the appellant's worthiness for clemency action. Consequently, the staff judge advocate could permissibly assert any matter for which there existed a good faith basis, including evidence which the military judge

had suppressed or ruled inadmissible. Just as the appellant was not, as a matter of law, precluded from asserting lack of specific intent in his bid for clemency from his conviction for general intent crimes, the staff judge advocate was not precluded from making a good faith assertion that the appellant had in fact broken into the victim's room.

The staff judge advocate had previously determined that there was sufficient probable cause to refer charges of burglary and housebreaking to trial. *See United States v. Murray,* 25 M.J. 445, 448 (C.M.A.1988) (referral of charges requires a good-faith determination of probable cause). Moreover, the trial counsel had determined that there was sufficient available evidence to warrant prosecution for the offense of burglary. Dep't of Army, Pam. 27–26, Rule of Professional Conduct for Lawyers, Rule 3.8(a) (December 1987) (trial counsel must advise the convening authority when prosecution cannot be supported by available evidence). Further, there is circumstantial evidence of record which supports an inference that the appellant had in fact broken into the victim's home.[3] Therefore, we find that this operative "fact"—which tended to show criminal intent—was permissible, good faith rebuttal to the appellant's suggestion in his post-trial submission that he had not entertained a specific criminal intent when he committed his crimes.

At best, the finding of not guilty to the excepted words "break and enter" without specific findings of fact reflects that the fact-finder was not convinced of the appellant's "guilt beyond reasonable doubt." An accused can no more resort to this standard of law to restrict the scope of Government submissions on clemency than the Government can use it to restrict that of an accused. *See United States v. Mann,* 22 M.J. at 280: *see also United States v. Mann,* 22 M.J. at 280 n. 2 (there

---

**2.** As stated in *United States v. Ballard:*
 If the defense has a right to introduce sentences from other cases, how could the prosecutor be denied the same right? What is good for the goose is good for the gander.
 *United States v. Ballard,* 20 M.J. 282, 285 (C.M.A.1985).

**3.** The appellant testified that he entered the house through a door. Testimony by the victim's father both at trial and at the pretrial investigation establish that, although the victim had the capacity to unlock and open doors, the victim could not have unlocked the doors that night because she did not have a key.

are few limitations as to what a convening authority may consider in exercising his sentence review discretion).

 We also find that the staff judge advocate could permissibly advise the convening authority of the law of mistake of fact. In his bid for clemency, the appellant relied upon what he asserted to be a focal, operative fact of his crimes: that his crimes were the product of circumstance and that he had not entertained a criminal *mens rea.* In essence, he represented that the aggravating factors of his case were mitigated by an "innocent" mind even though he had entertained a general *mens rea* "to do the *actus rea* for which he [was] being held accountable." *United States v. Brown,* 19 M.J. 63, 64 (C.M.A.1984).

Although the convening authority is, as stated above, not bound by legal standards when he considers clemency requests, this does not mean that he is precluded from evaluating requests for clemency in light of legal standards of proof as *factors* to be weighed in his consideration. The convening authority acts without benefit of formal legal training; proper advice as to the elements of an offense and available defenses provides the convening authority with a clear understanding of the gravamen of the accused's offense and affords him a basis from which to weigh the matters asserted by the accused.[4] In short, it is no less an appropriate matter for weighing an accused's worthiness for executive clemency than extra-record matters.

## C

 Finally, we must consider the appellant's contention that the advice invited the convening authority to "specifically exclude" the appellant's state of mind in considering whether to grant clemency. Unlike the advice in *United States v. Mann,* which instructed the convening authority that he could not "as a matter of law" consider the accused's clemency matters, *United States v. Mann,* 22 M.J. at 279, the staff judge advocate's post-trial submis-

sions in the case at bar did not advise that the convening authority was required to disregard or to ignore the matters raised by the appellant. However, the standard of review requires this court to determine whether the convening authority was substantially misled by the advice.

The staff judge advocate's addendum equates the appellant's assertion of "miscommunication" with the defense of "mistake of fact" and states that "this defense" is "not valid." Although the staff judge advocate in the case at bar did not intend to do so, the convening authority may have misinterpreted his advice as stating that the appellant's assertions were invalid *for clemency purposes* and therefore constituted advice no less misleading than that considered in the *Mann* case. Lacking any basis from which to conclude that the convening authority did not engage in this impermissible interpretation when taking final action and unable to conclude that a more precisely written addendum would have had no effect on the convening authority's final action, *see United States v. Hill,* 27 M.J. at 296, we will return the record for a new review and action.

The action of the convening authority dated 12 February 1989, is set aside. The record of trial is returned to The Judge Advocate General for a new review and action by the same or a different convening authority.

Senior Judge DeFORD concurs.

WERNER, Judge, concurring in the result:

I agree with the analysis and conclusions set forth in the majority opinion with one reservation. The findings of the court are conclusive and expressly contradict the staff judge advocate's representation to the convening authority that the appellant had broken into the victim's room; the Government concedes this fact. I do not agree

---

4. For example, the appellant in the case at bar did not explain the significance of his conviction for unlawful entry under Article 134 of the Code as opposed to burglary and to housebreaking under Articles 129 and 130, 10 U.S.C. §§ 929, 930.

that the staff judge advocate could permissibly make a contradictory representation.