**UNITED STATES**

v.

**Airman Clayton E. MILLIREN, FR 167–60–2947, United States Air Force.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 13 April 1990.

Decided 2 Aug. 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair.

Appellate Counsel for the United States: Colonel Joe R. Lamport.

Before O'BRIEN, PRATT and RIVES, Appellate Military Judges.

### DECISION

PRATT, Judge:

Pursuant to his pleas, appellant was convicted by military judge alone of carnal knowledge, sodomy with a child under the age of 16, and indecent acts with a child under the age of 16, in violation of Articles 120, 125, and 134, UCMJ, 10 U.S.C. §§ 920, 925, 934 respectively. Following a ruling by the military judge holding the charges and specifications multiplicious for sentencing purposes, appellant was sentenced to a bad conduct discharge, confinement for seven months, forfeiture of $482 pay per month for seven months, and reduction to airman basic. The convening authority approved the sentence as adjudged.

Although the case was submitted to this Court on its merits, we note a deficiency in the *Care*[1] inquiry which precludes us from sustaining the sodomy conviction.

During the portion of the *Care* inquiry relating to the sodomy offense, the military judge advised the accused that "penetration of the vagina, however slight, is

---

1. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

required to establish this offense." This advice triggered the following colloquy:

DC: ... for sodomy or unnatural copulation, I think it's just *any contact* with her external sexual organs by his mouth or tongue. *I don't believe you have to have any penetration,* and I think I heard you say penetration of her vagina. I don't think that is necessary in this. I'm just afraid that—

MJ: I realize what you are saying.

(Emphasis added.)

After brief further discussion[2], including the concurrence of trial counsel, the military judge "corrected" his earlier advice to the accused:

MJ: Very well. Airman Milliren, I misstated what the element was, or pardon me, the definition, when I said penetration of the vagina, however slight, was required to establish this offense. Rather, it is *any contact,* no matter how slight, of the female genital area, in this case, by your mouth and tongue. I'm sorry I misstated on that. Counsel, thank you for clarifying the matter.

DC: Yes, sir.

\* \* \* \* \* \*

MJ: All right, so you are telling me that on or about 7 January 1990, you in fact did *touch* the genital area of [the victim] with your mouth and tongue, is that correct?

ACC: Yes, sir.

(Emphasis added.)

The military judge was a bit too generous in thanking the defense counsel for "clarifying the matter," because the defense counsel's clarification was entirely inaccurate. The military judge had it right the first time.

■ Penetration, however slight, is a necessary element of sodomy in every form, including cunnilingus. *United States v. Cox,* 18 M.J. 72 (C.M.A.1984). *See also United States v. Williams,* 25 M.J. 854 (A.F.C.M.R.1988), *pet. denied,* 27

M.J. 166 (C.M.A.1988); *United States v. Breuer,* 14 M.J. 723 (A.F.C.M.R.1982). Article 125, UCMJ, clearly states that "[p]enetration, however slight, is sufficient to complete the offense." Neither the language of the Article itself nor case law exempts any particular form of sodomy from this prerequisite.

■ When the evidence simply indicates that the accused "touched" or "licked" the victim's vagina or genital area with his mouth or tongue, the requisite element of penetration has not been established. Such language neither proves nor negates penetration. Instead, it simply creates an ambiguity of proof. *See United States v. Tu,* 30 M.J. 587 (A.C.M.R.1990). Thus, although similar wording has been held sufficient to overcome an attack on the sufficiency of a specification intended to allege the offense of sodomy, *United States v. Cox, supra,* it will not sustain a conviction thereof. *See United States v. Deland,* 16 M.J. 889 (A.C.M.R.1983).

When confronted with such ambiguity on this issue, the courts have shown a willingness to sustain convictions only where there is some evidence, albeit circumstantial or interpretive, from which the court can conclude that penetration had occurred. Thus, for example, in *United States v. Harris,* 8 M.J. 52 (C.M.A.1979), where the accused testified that his mouth may have come in contact with his victim's sexual organ, the Court sustained a conviction for sodomy in view of the accused's admission in a letter that he had performed "cunnilingus." The accused's adoption of this term, commonly understood to describe conduct which includes penetration, was considered sufficient to establish the requisite factual basis. Similarly, in *United States v. Tu, supra,* the Army Court of Military Review was able to sustain a sodomy conviction because the accused, in addition to simply admitting that he kissed and licked the victim's vagina, also stated that he had performed "oral sex" upon her. In *United States v. Williams, supra,* this Court up-

---

2. During the discussion, the defense counsel, in effect, expressed a belief that the requirement for evidence of penetration only applies to sod-

omy offenses involving fellatio or perhaps anal intercourse.

held a conviction for sodomy where the evidence established that the accused had licked the victim's clitoris.

In a case perhaps most analogous to the case presently before us, *United States v. Breuer, supra*, this Court rejected an attack upon the providency of an accused's plea of guilty to sodomy where he only admitted that he "kissed her vagina with his mouth." In that case, we inferred an admission of penetration where the accused voluntarily admitted his guilt after the military judge *correctly* enumerated the elements of the offense and *fully* informed him of the need for penetration, however slight.

 In this case, we are unable to discern any means, direct or indirect, by which penetration can be said to have been established by the evidence before us. The specification itself does not include explanatory language. The stipulation of fact, entered into by the parties for use in conjunction with the guilty pleas, simply states that the appellant "began licking [the victim's] vagina and genital area with his tongue and mouth." The timely interruption of the defense counsel during the providency inquiry, in conjunction with his erroneous "correction" to the judge's definitional advisement, precluded the appellant from ever specifically addressing the issue of penetration. Thus, in the absence of any evidence establishing penetration, we cannot sustain the appellant's conviction of the sodomy offense.

However, based upon the same facts, we can affirm appellant's conviction of the lesser included offense of indecent acts with a child under the age of 16, in violation of Article 134, UCMJ. *United States v. Yates*, 24 M.J. 114, 120 (C.M.A. 1987) (Everett, C.J., concurring in part, dissenting in part). Accordingly, the findings of guilty of Charge II and its specification are set aside, and that Charge and specification are dismissed. The specification of Charge III is amended by inserting after the word "vagina" the words "and licking her vagina and genital area with his mouth and tongue." The remaining findings of guilty are affirmed. Reassessing the sentence, we affirm only so much of the sentence as provides for a bad conduct discharge, confinement for six months, forfeiture of $482 pay per month for five months, and reduction to airman basic.

Chief Judge O'BRIEN and Judge RIVES concur.