OPINION OF THE COURT
PEARSON, Judge:
In a general court-martial bench trial, appellant pled guilty to using marijuana, engaging in an extended sexual relationship, including both intercourse and sodomy, with his minor stepdaughter, S, fondling his minor stepdaughter, G, and committing adultery. Articles 112a, 120, 125, and 134, UCMJ, 10 U.S.C. §§ 912a, 920, 925, 934. The military judge sentenced appellant to a dishonorable discharge, 10 years confinement, and reduction to E-l, which the convening authority approved. Appellant now raises a laundry list of errors, none of which warrant relief.
IMPROVIDENT PLEA
Appellant stipulated at trial that he and S engaged in various acts of “oral sex” starting *501 when S was about 13 years old. Specifically, appellant stipulated as fact that he would place his mouth on S’s vagina or she would take his penis in her mouth. Appellant now claims that we should strike down his plea to sodomy because he did not admit to an act of penetration during his plea colloquy with the judge. See R.C.M. 910(e).
By pleading guilty, appellant knowingly waived a trial of the facts. R.C.M. 910(c)(3); United States v. Norvell, 26 M.J. 477 (C.M.A.1988). Of course, a military judge must reject a plea of guilty if an accused “sets up matter” inconsistent with the plea. Article 45(a), UCMJ, 10 U.S.C. § 845(a). However, the judge should not reject an accused’s guilty plea unless a substantial conflict, not the mere possibility of a conflict, arises between the pleas, the accused’s statements, and the evidence. United States v. Logan, 22 U.S.C.M.A 349, 47 C.M.R. 1 (1973). In making that determination, the judge may properly keep in mind the tendency of those accused of crime to rationalize their conduct and portray the facts in a light most favorable to them. Moreover “in a borderline case, the military judge can give great weight to the defense evaluation of the evidence.” United States v. Clark, 28 M.J. 401, 407 (C.M.A.1989). With that basic framework established, we analyze appellant’s guilty plea to sodomy.
During the plea inquiry, appellant told the judge that he had “oral sex” with S, and the military judge asked him to explain. Appellant replied, “That on um, those occasions that either I would place my mouth upon her vagina or she would place her mouth upon my penis.” Taking appellant’s words in a vacuum, appellate defense counsel contend the words “oral sex” and “upon” don’t establish the element of penetration sufficient to support the plea, and “upon” is inconsistent with penetration. See United States v. Hansen, 36 M.J. 599 (A.F.C.M.R. 1992), pet. denied, 38 M.J. 229 (C.M.A.1993); United States v. Milliren, 31 M.J. 664 (A.F.C.M.R.1990). We disagree.
We do not look at an accused’s statements during a guilty plea inquiry in a vacuum. Instead, we analyze the statements in the context of the evidence, including any stipulation of fact voluntarily entered into by the parties, and the military judge’s advice to the accused concerning the nature of the offense.
Here, as part of a pretrial agreement capping his sentence, appellant signed a stipulation of fact which clearly stated that “oral sex” meant “sodomy” and “sodomy” meant acts amounting to penetration. Before accepting appellant’s plea, the military judge determined that appellant had read the stipulation of fact, understood it, and fully discussed its contents with counsel. More importantly, the judge specifically asked appellant if the stipulated facts, including the definition of sodomy, were true. Appellant replied they were, even correcting a date in the stipulation regarding his date of service (August 23 versus August 8).
The military judge also accurately explained the elements of sodomy to appellant including the requirement of penetration and definition of “unnatural carnal copulation” set forth in the Manual for Courts-Martial (MCM). MCM, United States, 1984, Part IV, ¶ 51c. Considering the plea inquiry as a whole, we find appellant’s plea was provident. Compare United States v. Breuer, 14 M.J. 723 (A.F.C.M.R.1982) (military judge accurately advised accused of elements of the offense and definitions) with Milliren (military judge incorrectly advised accused that penetration was not required).
AN IMPROPERLY DETAILED MILITARY JUDGE ACTED IN THE CASE
Next appellant complains, for the first time, that a military judge interloper denied his pretrial request for an expert witness. At oral argument, appellate defense counsel expanded this argument into one of lack of jurisdiction, citing United States v. New-comb, 5 M.J. 4 (C.M.A1978). We conclude the issue is not jurisdictional, appellant forfeited it, and plain error is not present.

Facts

On December 1, 1992, Judge Cregar, a reservist, issued Court Order # 1 informing the parties that the Chief Circuit Judge of the Eastern Circuit, Northern Region, de *502 tailed him to preside over appellant’s trial during an upcoming active duty tour. On December 2, defense counsel asked the convening authority to “employ” Dr. Miller, a clinical psychologist, as a defense expert witness for sentencing on the treatment of sexual offenders and fund any testing necessary for his testimony. The convening authority denied the request.
On December 4, 1992, defense counsel served the prosecutor with a motion for appropriate relief to compel production of the expert and datafaxed a copy of the motion to the Eastern Circuit judiciary office. In the written motion, defense counsel specifically stated he did not want to present “argument or evidence concerning disposition of the motion.” On December 6, Judge Callinan, of the Eastern Circuit, issued a Memorandum Decision denying the defense motion after finding “[t]he defense has not established that Dr. Miller is necessary to either trial preperation [sic] or as a witness.” In his decision, Judge Callinan referenced a December 3 conference with the parties under Rule for Courts-Martial (R.C.M.) 802 where he inquired about the status of the witness request.
Judge Cregar presided over appellant’s actual trial. Defense counsel did not raise any objection concerning Judge Callinan’s participation in the case even though the judge’s ruling on the witness motion and summary of the R.C.M. 802 conference were marked as appellate exhibits. Likewise, defense counsel did not renew his request for production of the witness to Judge Cregar.
The record is silent as to Judge Callinan’s detailing and authority to act in appellant’s case. See generally United States v. Mahoney, 36 M.J. 679, 687-88 (A.F.C.M.R.1992) (discussing detailing of Air Force military judges.)

Discussion

At one point in our judicial history, the detailing of the military judge for a court-martial took on jurisdictional significance— administrative missteps often resulted in reversal even when the defense did not object to the detailing at trial. See, e.g., Newcomb. As a result of a legislative fix, “such nonmomentous events” have lost their jurisdictional importance and are subject to both waiver and forfeiture. United States v. Hawkins, 24 M.J. 257, 259 (C.M.A.1987); see generally United States v. Pagel, 40 M.J. 771 (A.F.C.M.R.1994) (discussing forfeiture versus waiver).
Although appellant clearly knew that Judge Callinan was making pretrial rulings in his case, he did not interpose any objection when the issue “could readily be cured.” Hawkins, 24 M.J. at 259. Likewise, he elected not to renew his motion for the production of the witness before Judge Cregar even though Judge Cregar admitted a statement from Dr. Miller over the prosecutor’s objection. Therefore, we find appellant forfeited the issue of whether Judge Callinan was properly detailed to act in his case.
Of course, any forfeiture is subject to the plain error doctrine. Pagel. “The plain error doctrine is invoked to rectify those errors that ‘seriously affect the fairness, integrity or public reputation of judicial proceedings.’ As a consequence, it ‘is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.’” United States v. Fisher, 21 M.J. 327, 328-29 (C.M.A.1986) (citations omitted).
During oral argument, appellant did not dispute that Judge Callinan was a properly designated and certified Air Force military judge who was not otherwise disqualified from presiding over his case. See Article 26, UCMJ, 10 U.S.C. § 826. Likewise, appellant did not call into question Judge Callinan’s fairness or impartiality. Therefore, we fail to see how a “miscarriage of justice would otherwise result” from Judge Callinan’s participation in this case if we invoke forfeiture.
Moreover, in our opinion, errors in the detailing of a military judge to act in a court-martial would rarely rise to the level of plain error so long as the military judge meets the statutory criteria of designation and certification set forth in Article 26(b) — (c), Uniform Code Military Justice, 10 United States Code § 826(b)-(c).
*503 DENIAL OF EXPERT WITNESS
As discussed above, Judge Callinan denied appellant’s motion to compel the government to employ Dr. Miller as an expert witness for the defense sentencing case.

Standard of Review

In general, we review a military judge’s decision to deny the production of a defense requested sentencing witness under an abuse of discretion standard. United States v. Moore, 32 M.J. 56 (C.M.A.1991). In order to obtain an expert witness at government expense, the defense must show that “the testimony of the expert is relevant and necessary, and if so, whether the Government has provided or will provide an adequate substitute.” R.C.M. 703(d); see also United States v. Johnson, 22 U.S.C.M.A. 424, 47 C.M.R. 402 (1973); see generally United States v. Langston, 32 M.J. 894 (A.F.C.M.R. 1991) (discussing request for an expert witness versus request for an expert consultant).

Facts

On August 25, 1992, appellant asked the convening authority to appoint Major D, an Air Force psychiatrist, as a defense consultant. The convening authority granted the request. Appellant did not request Dr. Miller as an expert until December 2, two weeks before the scheduled trial date. In conjunction with the motion to produce the witness, appellant also submitted a motion to postpone the trial because Dr. Miller would not be available until January 8, 1993. Since Judge Callinan denied the witness motion, he also denied the motion for a continuance.
In asking for Dr. Miller’s services, appellant did not find fault with the expert assistance Major D supplied. Instead, appellant essentially stated that Dr. Miller would be a better witness because he had more “extensive or specialized experience” in the treatment of sex offenders, including running a local rehabilitation program. Appellant also stated that Dr. Miller’s testimony would “support the defense case that lengthy confinement is not necessary in this case.”

Discussion

Appellant first takes issue with Judge Callinan’s ruling because he did not state why the threshold of relevance and necessity was not met. We conclude appellant forfeited this portion of his complaint by not asking for more specificity after receiving the ruling or renewing the request before Judge Cregar. R.C.M. 905(e). Of course, we urge military judges to set out their reasoning when denying defense requests for expert witnesses. When trial judges set forth their reasoning, they show appellate judges that they weighed the relevant factors in an informed fashion before exercising their discretion. See United States v. Houser, 36 M.J. 392, 397 (C.M.A.1993); see also United States v. Ramsey, 28 M.J. 370, 374 app. (C.M.A.1989) (good example of ruling on speedy trial motion).
As for the “best witness” theory, an accused is not entitled to have the government pay for the best expert witness available since the government may always provide an adequate substitute. R.C.M. 703(d). Of course, a government-selected expert is not an “adequate substitute” when that expert and the defense requested one hold divergent scientific views. United States v. Van Horn, 26 M.J. 434 (C.M.A.1988). Since judges generally are not omniscient, we place the burden on defense counsel to clearly establish that divergent views exist.
Here, appellant did not establish why Dr. Miller, a clinical psychologist, was a necessary expert witness for the defense vice Major D, a psychiatrist. In his request for Dr. Miller, appellant did not state that Dr. Miller and Major D held divergent views on the treatment or incarceration of sex offenders, or that Major D was somehow unqualified to testify concerning defense sentencing issues. Consequently, we conclude the military judge did not abuse his discretion in denying appellant’s motion to employ Dr. Miller. See also R.C.M. 1001(e) (production of witnesses for sentencing).
CUMULATIVE ERROR
Appellant asserts in one combined error that the military judge erred by declining to *504 admit a statement from appellant’s supervisor concerning the impact of confinement on appellant, declining to admit a newspaper article on rehabilitating sex offenders, and allowing trial counsel to argue facts not in evidence. Appellant states that one error alone might not warrant relief, but their combined effect denied appellant a fair hearing on sentence. We do not find error warranting relief, either singularly or cumulatively.

Impact of Confinement Evidence

The prosecutor objected to the following sentence contained in the supervisor’s statement, “I feel that confinement would create a severe hardship on Sgt Robinson and his family.” Common sense says that anyone facing jail would probably consider it a severe hardship; consequently, we fail to see why the prosecutor chose to create an issue by objecting to something so evident. As defense counsel put it when discussing the supervisor’s statement, “it’s just a fair statement that confinement is going to be hard and I think that’s common knowledge.”
In any event, we conclude that defense counsel knowingly threw in the towel on this issue by stating, “I have no serious problem, if you want to redact that sentence,” before the judge ruled on the objection. R.C.M. 801(g). Even if error occurred, we find it did not materially prejudice appellant. Article 59(a), UCMJ, 10 U.S.C. § 859(a). Cf. United States v. Prevatte, 40 M.J. 396, 398 (C.M.A 1994) (effect on military judge of prosecution testimony about impact of confinement).

Admissibility of Newspaper Article

Defense counsel offered a newspaper article dealing with treatment of sex offenders. On objection, the military judge excluded the article on hearsay grounds as the author could not be cross-examined. Appellant claims the military judge erred because newspaper articles are self-authenticating and the rules of evidence are relaxed in sentencing.
We agree that “[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required” for “[pjrinted material purporting to be newspapers or periodicals.” Mil.R.Evid. 902(6). We also agree that the military judge may relax the rules of evidence in sentencing to admit writings of “similar authenticity and reliability” as letters, affidavits, and certificates of military and civil officers. R.C.M. 1001(c)(3) (emphasis added). However, we part company with appellant on his contention that newspaper articles dealing with areas of expert knowledge, such as the treatment of sex offenders, are reliable enough for admission over objection.
While newspaper articles on “a subject of history, medicine or other science or art” are self-authenticating, they are also hearsay except where “called to the attention of an expert witness upon cross-examination or relied upon by the expert in direct examination.” Mil.R.Evid. 803(18). Even then, counsel may not use the article to question an expert unless it is “reliable authority.” Id. The proponent of the evidence has the burden of establishing that the evidence is “reliable authority.” United States v. Coleman, 41 M.J. 46 (C.M.A.1994), cert, denied, — U.S. -, 115 S.Ct. 907, 130 L.Ed.2d 789 (1995). Defense counsel did not even attempt to meet that burden. Consequently, the military judge did not abuse his discretion in excluding the article.

Improper Sentencing Argument

During argument, the prosecutor implied that appellant represented a possible danger to his 2-year-old natural daughter because he had sexually abused his two stepdaughters. By way of example, trial counsel stated, “We need to protect his stepdaughters and we need to protect that little two-year-old daughter that’s in the house,” and “Sergeant Robinson has shown himself to conduct himself inappropriately with two daughters in the house already, who’s to say what might not happen with a third.” Defense counsel registered a timely objection which the military judge overruled without giving a reason.
Appellant contends the prosecutor argued facts not in evidence by suggesting appellant was a danger to his natural daughter. See United States v. Meeks, 41 M.J. 150 (C.M.A.1994). We disagree. Counsel may argue *505 any reasonable inferences derived from the evidence and may strike forceful blows, so long as they are fair ones reasonably based on the evidence. United States v. Conway, 40 M.J. 859 (A.F.C.M.R.1994). Here, appellant was not content to abuse only one of the juvenile females entrusted to his care. Instead, he elected to prey on two of them — we find the prosecutor’s comments were based on reasonable inferences derived from the evidence.
DEFERMENT OF CONFINEMENT
Appellant requested deferment of confinement over the Christmas/New Years holidays. The convening authority denied the request without citing reasons for his denial as required by United States v. Sloan, 35 M.J. 4 (C.M.A.1992). Appellant asks that we grant sentence credit for the government’s failure to follow clear appellate guidance. As we have pointed out previously, an appellant is not entitled to appellate relief when the convening authority erroneously fails to cite reasons for denying a deferment request. Instead, appellant must seek appropriate relief at the time of the denial. United States v. Edwards, 39 M.J. 528 (A.F.C.M.R.1994).
REMAINING ISSUES
Appellant also raises a number of issues pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.1982), none of which we find meritorious or merit further comment, including the appropriateness of his sentence.
In summary, we conclude that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to appellant’s substantial rights occurred. Accordingly, the findings of guilty and sentence are
AFFIRMED.
Senior Judge SNYDER and Judge SCHREIER concur.