UNITED STATES

v.

**Jeramie S. GREEN, Engineman Fireman (E–3), U.S. Navy.**

NMCM 99 00321.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 5 Nov. 1998.

Decided 14 March 2000.

LCDR Robert C. Klant, JAGC, USN, Appellate Defense Counsel.

LT Timothy E. Curley, JAGC, USNR, Appellate Government Counsel.

Before LEO, ANDERSON and NAUGLE, Appellate Military Judges.

NAUGLE, Judge:

The appellant was convicted contrary to his pleas by a general court-martial composed of officer and enlisted members of forcible sodomy in violation of Article 125, Uniform Code of Military Justice, 10 U.S.C. § 925 (1994). The sentence adjudged included a bad-conduct discharge, confinement for six months, forfeiture of $300 pay per month for six months, and reduction to the lowest enlisted pay grade. The convening authority approved the sentence as adjudged.

After carefully considering the record of trial, the assignment of error, and the Government's response, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

The appellant contends that the evidence of sodomy is insufficient to sustain the finding of guilt because of insufficient evidence of actual penetration. We disagree.

This contested general court-martial resulted from events that occurred after the 19–year–old active duty female victim and four other service members (three men and another woman) spent the evening playing drinking games in a hotel room. Following the drinking games, the victim and one of the men engaged in consensual sexual inter-

course before falling asleep in one of the two available beds. The other woman and her date fell asleep in the other bed, and the appellant slept on the floor between the beds. The victim testified that she was wearing only a tee shirt, lying asleep on a bed with her date, when she awoke and "found that someone was between [her] legs." The victim testified that it was the appellant who was between her legs,[1] and that "he was performing oral sex on [her]." The victim indicated that she did not consent to the appellant performing oral sex, that she awoke to find his hands were placed between her legs, her legs were spread apart, and the appellant "was in between me." Record at 93–94, 122. In an effort to clarify her testimony, the trial counsel engaged the victim in the following colloquy:

> Q: Okay. Let me ask you this question. I hope it's not too embarrassing, but you said that he was performing oral sex.
>
> A: Yes.
>
> Q: Do you mean he had his mouth on your vagina?
>
> A: Yes.

Record at 94–95.

On cross-examination, the victim repeated that she had awakened and felt someone between her legs, someone she initially believed was her date. When she realized it was not him but rather the appellant, she told him to stop. The following testimony was given in elaboration:

> Q: And when you told him that, he stopped performing oral sex on you; isn't that right?
>
> A: He stopped the actual act. He did not get off of me.
>
> Q: Sure. Understood. But he stopped performing the oral sex when you said stop?
>
> A: Yes.
>
> Q: Okay. Now you've testified that this oral sex began while you were asleep?

> A: Yes.
>
> Q: And it's when you woke up that the oral sex had already begun; that's what you've testified to—or that's what—that's what happened, right?
>
> A: When I woke up, it—it was occurring.
>
> Q: Is it possible then that you woke up before the oral sex began; that you woke up when the contact with [your] legs began?
>
> A: No, I—when I was woke up (sic), he was down there. I didn't wake up before. I—
>
> Q: Okay.
>
> A: I woke up and he was doing that.

Record at 110.

· The members were properly instructed concerning the legal requirement for penetration in relation to the sodomy offense. Record at 248–51. The members concluded that the appellant had committed the offense of forcible sodomy.

■ Article 66(c), UCMJ, requires this court to determine the legal and factual sufficiency of the evidence. The test for legal sufficiency is whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Turner*, 25 M.J. 324 (C.M.A.1987). We are to "draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. McGinty*, 38 M.J. 131, 132 (C.M.A.1993)(*quoting United States v. Blocker*, 32 M.J. 281, 284 (C.M.A.1991)). Applying these criteria to the record, we conclude that the evidence was legally sufficient.

■ Article 125, UCMJ, prohibits cunnilingus,[2] and cunnilingus[3] requires penetration, however slight, to constitute an offense under Article 125(a), UCMJ.[4] The

---

1. There is no issue as to identity of the perpetrator.

2. *United States v. Harris*, 8 M.J. 52 (C.M.A.1979).

3. Oral stimulation of the female genitalia. THE RANDOM HOUSE COLLEGE DICTIONARY, 326 (Rev'd ed.1982).

4. Penetration of the female sex organ, however slight, is required to establish this offense. The

appellant exhorts us to hold, as one of our sister services' Court of Criminal Appeals has done, that the term "oral sex" is legally insufficient evidence to establish penetration. *See United States v. Hansen*, 36 M.J. 599 (A.F.C.M.R.1992). We decline to do so.

In *Hansen*, a master sergeant was convicted, contrary to his pleas, of committing sodomy with his natural daughter, who was at the time of trial herself on active duty in the Air Force. The accused's misconduct had occurred from the time the victim was nine years old until she left home to enter the service. In response to an AFOSI agent's questions after the abuse in *Hansen* came to light, the accused admitted to having "oral sex" with his daughter, but neither the accused nor the agent was any more specific than that in their description. His daughter never acknowledged any relevant acts other than vaginal intercourse during the time periods reflected in the charges. The court found the accused's admission to having had "oral sex" insufficient to establish actual penetration because, "[a]lthough appellant and the agent may have had the correct mental impression as to the definition of that term, it does not, per se, prove penetration." *Id.* at 608. Under similar circumstances, we might agree. "Oral sex" without more, may refer to fellatio or cunnilingus, neither of which the victim in *Hansen* reported in relation to the charged conduct, and the accused in *Hansen* did not indicate which act had occurred in his admissions.

Under the facts of this case, however, where the victim testified that the appellant's head was between her legs, his hands were on her thighs, her legs were spread apart, his mouth was on her vagina, the appellant was "performing oral sex," and "he was in between me," we have no difficulty concluding that a reasonable factfinder, properly instructed as these members were, could have found the element of penetration beyond a reasonable doubt. *Cf. United States v. Powell*, 40 M.J. 768 (A.F.C.M.R.1994) *pet. denied*, 43 M.J. 145 (1995) (holding victim/daughter's

testimony that she gave accused a "blow job" was sufficient to establish penetration); *United States v. Tu*, 30 M.J. 587 (A.C.M.R. 1990) (holding accused's admissions that he kissed and licked the victim's vagina and performed oral sex was evidence of act of cunnilingus punishable as sodomy sufficient to support conviction; the term "oral sex" is synonymous with those acts that constitute oral sodomy, fellatio and cunnilingus). *See also United States v. Breuer*, 14 M.J. 723, 726 (A.F.C.M.R.1982) (holding plea of guilty to sodomy was provident even though the accused only admitted kissing a vagina with his mouth in light of the military judge's advice regarding the requisite element of penetration). *But see United States v. Deland*, 16 M.J. 889, 893 (A.C.M.R.1983), *aff'd in part rev'd in part*, 22 M.J. 70 (C.M.A.1986)(holding testimonial evidence that an accused merely "licked" a vagina does not suffice to establish a penetration). There is, quite simply, an issue of fact whether there has been some penetration.

The test for factual sufficiency is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, we ourselves are convinced of the accused's guilt beyond a reasonable doubt. *Turner*, 25 M.J. at 325; *see* Art. 66(c), UCMJ. In resolving the question of factual sufficiency, we have carefully reviewed the record of trial and the briefs of the parties. Like the court members who heard this case, applying our own common sense and knowledge of human nature and the ways of the world, based upon the victim's testimony about appellant performing oral sex in the manner she described, we conclude that appellant orally penetrated the victim's labia majora. We are not faced here with a shy or reticent victim, nor do we have a minor victim whose understanding of the meaning of certain phrases might be in substantial doubt. We are convinced beyond a reasonable doubt that the appellant committed each of the elements of the offense of forcible sodomy.

"female sex organ" includes not only the vagina which is the canal that connects the uterus to the external opening of the genital canal, but also the external genital organs including the labia ma-

jora and the labia minora. "Labia" is the Latin and medically correct term for "lips." Military Judges' Benchbook, Dept. of the Army Pamphlet 27–9 at 481–82, (Ch. 2, 18 Aug. 1999).

Accordingly, the findings and the sentence, as approved on review below, are affirmed.