### UNITED STATES

v.

**Staff Sergeant Donald P. KOSEK, FR164–54–7345, United States Air Force.**

**ACM 31585.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 9 Dec. 1994.

Decided 29 May 1996.

Colonel Jay L. Cohen and Captain Michael L. McIntyre, Appellate Counsel for Appellant.

Colonel Jeffery T. Infelise and Captain R. Scott Howard, Appellate Counsel for the United States.

Before HEIMBURG, GAMBOA, and SENANDER, Appellate Military Judges.

## OPINION OF THE COURT

HEIMBURG, Senior Judge:

The appellant was convicted by a military judge, sitting as a general court-martial, of use, possession and distribution of cocaine, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a (1988). His approved sentence is a bad-conduct discharge, confinement for 14 months, total forfeitures and reduction to E–1. The appellant has assigned two errors. We find neither persuasive, and affirm.

To address the appellant's first assignment of error adequately, we must give the somewhat convoluted history of this case. The trial began on December 9, 1993, with Judge Cregar detailed as military trial judge. After receiving the appellant's written request for trial before military judge alone, and ascertaining that the appellant fully understood his forum choice, Judge Cregar announced that the court was assembled and proceeded to arraignment. Before pleas, trial defense counsel moved to suppress oral and written statements made by the appellant to agents of the Air Force Office of Special Investigations (AFOSI); the results of searches of the appellant's home, his person and his car; the result of a urinalysis test which indicated that the appellant had used cocaine; and the statement of an individual to whom the appellant had distributed cocaine.

Judge Cregar received evidence from the appellant and the two primary AFOSI agents assigned to investigate the appellant's activities, then granted the motion to suppress and attached essential findings to the record. The government appealed. R.C.M. 908(b); Article 62, UCMJ, 10 U.S.C. § 862 (1988).

This Court reversed Judge's Cregar's ruling on March 31, 1994, *United States v.*

*Kosek,* 39 M.J. 983 (A.F.C.M.R.1994), and the appellant appealed. On September 29, 1994, the Court of Military Appeals (now Court of Appeals for the Armed Forces) determined that this Court had "exceeded the scope of review under Article 62 by making rulings of law on issues either not decided by the military judge or on which the military judge's rulings were ambiguous or incomplete." *United States v. Kosek,* 41 M.J. 60, 64 (C.M.A.1994). The Court of Military Appeals specified several areas of Judge Cregar's findings and rulings which needed further clarification. That Court ordered the record of trial returned "for submission to the military judge" who "shall make essential findings of fact and conclusions of law so that the record will reflect the necessary predicate facts and applicable legal principles underlying the military judge's ruling." *Id.* at 65.

While the appellant's petition was pending before the Court of Military Appeals, Judge Cregar was elevated to this Court. On April 22, 1994, the chief circuit military judge, Judge Mahoney, denied the appellant's motion to stay proceedings pending review by the Court of Military Appeals and detailed himself as the trial judge "[s]ince Judge Cregar is now serving as an appellate judge and unavailable to continue this trial." After the Court of Military Appeals issued its opinion on September 29, 1994, Judge Mahoney was unavailable, and he detailed Judge Colwell to the trial.

At the continuation of the appellant's trial on December 7, 1994, Judge Colwell advised the appellant of his rights to counsel, determined that neither side had a challenge for cause against him, and advised the appellant as to his forum options. The appellant, in writing, requested trial before Judge Colwell alone. After ensuring that the appellant fully understood his options, Judge Colwell accepted the appellant's request and assembled the court. He indicated that he had read the record of the previous Article 39(a), UCMJ, hearing and proceeded to arraignment. The same motion to suppress was made by trial defense counsel and the same two AFOSI agents testified. Judge Colwell denied the motion to suppress and attached essential findings of fact and conclusions of law, which not only supported his ruling on the motion but also addressed the legal and factual issues raised by the Court of Military Appeals.

The appellant now argues that the language of the remand order from the Court of Military Appeals precluded referral of this case to any military judge but Judge Cregar, on the theory that he alone could clarify the findings of fact and conclusions of law deemed "ambiguous" by the Court of Military Appeals. He argues that, since the case was referred to a different military judge, the remand order was not complied with and the subsequent proceedings were, in effect, a nullity. In addition, he maintains there was no "good cause" for replacement of the military trial judge. We disagree with both prongs of his argument.

We begin with the appellant's assertion that permitting another judge to complete his trial after the specific remand order serves to "nullify the intent" of the Court of Military Appeals's remand order, because only Judge Cregar could clarify his findings and conclusions. Counsel for the appellant have cited no authority for that proposition, and we know of none. We believe, rather, that the appellant misunderstands the impact of such a remand order.

█ There is often a significant time lapse between an original proceeding and a remand order from the Court of Appeals for the Armed Forces (formerly the Court of Military Appeals). Our common experience informs us that convening authorities, for example, may be reassigned, retire or separate in the interval between an original action and a remand, but that does not nullify a remand to "the convening authority." *See, e.g., United States v. Stephenson,* 33 M.J. 79 (C.M.A.1991) (original action by convening authority on October 17, 1988; case remanded to "the convening authority" on September 4, 1991, for a new post-trial staff judge advocate's recommendation and action). Similarly, we fail to see why a remand order is nullified by a proper replacement of the military trial judge between the original trial and the remand.

■ We turn to the second prong of the appellant's argument: whether there was good cause for replacement of the trial judge after assembly of the appellant's court-martial. "After the court-martial is assembled, the military judge may be changed by an authority competent to detail the military judge only when, as a result of disqualification under R.C.M. 902 or for good cause shown, the previously detailed military judge is unable to proceed." R.C.M. 505(e)(2). None of the disqualifying factors listed in R.C.M. 902 is present in this case; hence, we must determine if there was "good cause" for someone other than Judge Cregar to be detailed to the appellant's case. Clearly, there was. By the time the remand order was issued by the Court of Military Appeals, Judge Cregar had assumed his duties as an appellate military judge of this Court, and was no longer available to be detailed as an Air Force military trial judge. *See* AIR FORCE INSTRUCTION 51–201, "Administration of Military Justice," para. 5.1.2; and AIR FORCE MANUAL 51–204, "United States Air Force Judiciary," paras. 1.2.1, 1.3, 2.1 and 2.2. We hold that Judge Cregar's assignment to this Court constituted sufficient "good cause" for the chief judge of the circuit to detail another judge to the appellant's case.

■ Finally, the substitution of a military judge after assembly is not a jurisdictional defect, and any claim of error is forfeited by failure to object at trial. *United States v. Hawkins,* 24 M.J. 257, 259 (C.M.A. 1987). The appellant did not challenge the substitution of Judge Colwell for Judge Cregar. In fact, he specifically requested trial by Judge Colwell alone. In so doing, he "irrevocably waived all conceivable objections to the substitution." *Id. See also United States v. Robinson,* 43 M.J. 501, 504 (A.F.Ct. Crim.App.1995), *pet. denied,* 43 M.J. 241 (1995).

We find the appellant's remaining assignment of error to be without merit. After considering the seriousness of the appellant's offenses, the character and military performance of the appellant, and all circumstances documented in the record of trial, we find that the approved sentence is not inappropri-ately severe. *United States v. Healy,* 26 M.J. 394 (C.M.A.1988); *United States v. Snelling,* 14 M.J. 267 (C.M.A.1982). *See United States v. Deserano,* 41 M.J. 678 (A.F.Ct.Crim.App.1995).

We conclude that the findings and the sentence are correct in law and fact, the sentence is not inappropriate, and no error prejudicial to the substantial rights of the appellant was committed. Article 66(c), UCMJ, 10 U.S.C. § 866(c) (1994). Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Judges GAMBOA and SENANDER concur.