UNITED STATES, Appellee

v.

Donald P. KOSEK, Staff Sergeant
U.S. Air Force, Appellant.

No. 96–1060.
Crim.App. No. 31585.

U.S. Court of Appeals for
the Armed Forces.

Argued April 10, 1997.

Decided Aug. 18, 1997.

For Appellant: *Captain W. Craig Mullen* (argued); *Lieutenant Colonel Kim L. Sheffield* and *Captain Michael L. McIntyre* (on brief); *Colonel Jay L. Cohen.*

For Appellee: *Captain Mitchel Neurock* (argued); *Colonel Theodore J. Fink* and *Lieutenant Colonel Michael J. Breslin* (on brief); *Major LeEllen Coacher.*

*Opinion of the Court*

GIERKE, Judge:

The issue before us is whether the Air Force violated a remand order from this Court when it substituted a new military judge at appellant's court-martial after we ordered that the record be returned to "the military judge" for reconsideration.[1] *See* 41 MJ 60, 65. We hold that any error in substituting the military judge after assembly of the court-martial was affirmatively waived.

Appellant was charged with possession, use, and distribution of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. After his general court-martial was assembled on December 9, 1993, he moved to suppress certain evidence on the ground that the evidence was tainted by failure of the apprehending law enforcement agents to advise him of his rights under Article 31, UCMJ, 10 USC § 831. The military judge, Colonel (Col) Cregar, granted the motion and suppressed the evidence.

The Government appealed under Article 62, UCMJ, 10 USC § 862, and the then-

---

1. Our Court granted review of the following issue raised by appellant:

WHETHER THE AIR FORCE FAILED TO COMPLY WITH AND NULLIFIED THE INTENT AND PURPOSE OF THE REMAND ORDER OF THE COURT OF APPEALS FOR THE ARMED FORCES WHEN IT REPLACED THE MILITARY JUDGE FOR THE CONTINUATION OF APPELLANT'S COURT–MARTIAL WITHOUT GOOD CAUSE, IN DIRECT VIOLATION OF THIS COURT'S ORDER REMANDING APPELLANT'S CASE TO THE MILITARY JUDGE FOR CLARIFICATION OF HIS SUPPRESSION RULING.

Court of Military Review[2] reversed the military judge's decision. Our Court granted appellant's petition for review, set aside the decision of the Court of Military Review and the ruling of the military judge, and directed the Judge Advocate General to submit the record "to the military judge for reconsideration of [his] ruling in light of the preceding discussion." 41 MJ at 65. We noted that "[s]ince this [was] an ongoing trial, the military judge retain[ed] the authority to reconsider any other ruling on his own motion or upon request of a party...." *Id.* at 65 n*.

Some time before April 22, 1994, the Chief Circuit Military Judge, Col Mahoney, detailed himself to the case in place of Col Cregar, noting only that Col Cregar "is now serving as an appellate judge and unavailable to continue this trial." By the time that appellant's trial reconvened, Col Mahoney had replaced himself with Col Colwell.

After appellant's court-martial reconvened, Col Colwell offered appellant the opportunity to challenge him for cause, but appellant declined. Col Colwell then advised appellant of his rights with respect to forum, and appellant elected a bench trial before Col Colwell.

After conducting a hearing on the motion to suppress, Col Colwell denied the motion. Col Colwell convicted appellant of all the offenses and sentenced him to a bad-conduct discharge, confinement for 14 months, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence, and the Court of Criminal Appeals affirmed the findings and sentence. 44 MJ 579.

2. *See* 41 MJ 213, 229 n.* (1994).

Appellant now contends that replacement of Col Cregar was plain error. The Government argues that the change of judge was not error and, alternatively, that any error was affirmatively waived.

RCM 505(e)(2), Manual for Courts-Martial, United States (1995 ed.), permits a change of military judge after assembly of the court-martial "only when, as a result of disqualification under RCM 902 or for good cause shown, the previously detailed military judge is unable to proceed." In *United States v. Hawkins*, 24 MJ 257, 259 (1987), this Court held that an accused's failure to object to a change of judge and his request for a bench trial before the new judge "irrevocably waived all conceivable objections to the substitution."

Because an Article 62 appeal necessarily involves an ongoing court-martial, it is fair to say that this Court anticipated that Col Cregar would continue to preside and would reconsider his earlier ruling in accordance with our order. On the other hand, we did not abrogate RCM 505(e)(2).

Because Col Colwell's detail to appellant's case was not challenged, we do not have a sufficiently developed record to permit review of the justification for the change of judge. We need not reach the merits of that issue, however, because we hold that any error was waived. *United States v. Hawkins, supra.*

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and EFFRON concur.