UNITED STATES, Appellee,

v.

Mark E. MANN, Airman First Class,
U.S. Air Force, Appellant.

No. 50099.

ACM S26264.

U.S. Court of Military Appeals.

Aug. 4, 1986.

For Appellant: *Colonel Leo L. Sergi* and *Major William H. Lamb* (on brief).

For Appellee: *Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr., Major Robert E. Ferencik, Jr.* (on brief); *Captain Teresa J. Stremel, USAFR.*

*Opinion of the Court*

COX, Judge:

Appellant was convicted, pursuant to his pleas, of three specifications of using marihuana and one specification of possessing marihuana, all in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confinement for 2 months, and reduction to airman basic. Appellant contends that the staff judge advocate misadvised the convening authority concerning the matters which the latter might consider in reviewing the appropriateness of appellant's sentence.[1] We agree with appellant.

In the post-trial review, the acting staff judge advocate opined that the sentence was "within legal limits" and was "appropriate." In rebuttal to the staff judge advocate's review, defense counsel protested the appropriateness of the sentence and submitted for the convening authority's consideration a list of what were purported to be other similar cases tried in the same judicial circuit in 1983. The general nature of the charges in those cases were stated along with the sentences adjudged. Significantly, none of those sentences included a punitive discharge.

In his "Addendum to Staff Judge Advocate's Review," the acting staff judge advocate noted defense counsel's citation of cases; he did not challenge the accuracy of the representation. However, he asserted:

Since the cases counsel has presented are totally unrelated to A1C Mann's case, you may not, as a matter of law, consider them. *United States v. Slack,* 12 [U.S.]C.M.A. 244, 30 C.M.R. 244 (1961); *United States v. Mamaluy,* 10 [U.S.]C.M.A. 102, 27 C.M.R. 176 (1959); *United States v. Kent,* 9 M.J. 836 (A.F.C.M.R.

---

1. The granted issue is:

WHETHER THE ADDENDUM TO THE STAFF JUDGE ADVOCATE'S REVIEW IMPROPERLY LIMITS THE CONVENING AUTHORITY'S CONSIDERATION OF MATTERS OUTSIDE THE RECORD BY ASSERTING THAT THE CONVENING AUTHORITY CANNOT CONSIDER CERTAIN MATTERS SUBMITTED BY DEFENSE COUNSEL "AS A MATTER OF LAW."

1980); *United States v. Theberge*, 15 M.J. 666 (A.F.C.M.R.), *pet. denied*, 17 M.J. 45 (C.M.A. 1983).

Article 38(c), UCMJ, 10 U.S.C. § 838(c), in effect at the time of appellant's trial, provided:

> In every court-martial proceeding, the defense counsel may, in the event of conviction, forward for attachment to the record of proceedings a brief of such matters as he feels should be considered in behalf of the accused on review, including any objection to the contents of the record which he considers appropriate.

*Cf.* R.C.M. 1105, Manual for Courts-Martial, United States, 1984 (not yet in effect at the time of appellant's trial).

▆▆▆ We are cited to no legislative history, and we can find none, which purports to limit the matters which may be submitted on behalf of an accused under this article. Indeed, it is quite clear that the convening authority, in his review of a court-martial, may specifically consider certain matters from outside the record.[2]

In *United States v. Ballard*, 20 M.J. 282, 286 (C.M.A. 1985), which was decided after the instant case was tried, we confronted a similar issue. Therein we reconsidered our own cases which had arguably "tended to suggest that a court's reference to the sentences in other cases is flatly improper." We concluded that, in an appellate context, a "preference against sentence comparison" is both unrealistic and undesirable. *Id.* at 283. *Cf. United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982); *United States v. Olinger*, 12 M.J. 458, 461

(C.M.A. 1982) (Cook, J., concurring in the result).

▆▆▆ This view applies with equal force to the convening authority's action. His discretion in sentence approval is enormous. *See* Art. 64, UCMJ, 10 U.S.C. § 864, and para. 88, Manual for Courts-Martial, United States, 1969 (Revised edition).[3] Because the convening authority has a vital interest in maintaining both the appearance and the fact of a fair and equitable military justice system, he has strong incentive to minimize disparate sentences in appropriate circumstances. Further, because he regularly reviews court-martial records and sentences, he will invariably have an implicit knowledge of typical sentences in analogous cases. Of course, he is free to attach such weight as he wishes to matters submitted. Therefore, we hold that it was error for the acting staff judge advocate to seek to preclude the convening authority from considering the matters submitted by the defense. Because the information may have affected the approved sentence, appellant is entitled to further review of his sentence.

The decision of the United States Air Force Court of Military Review is reversed as to sentence. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court, which may either reassess the sentence to eliminate any prejudice which may have occurred as a result of the faulty review, *see* Art. 59(a), UCMJ, 10 U.S.C. § 859(a), or order a new review and action.

Chief Judge EVERETT concurs.

Judge SULLIVAN did not participate.

---

2. Para. 85*b*, Manual for Courts-Martial, United States, 1969 (Revised edition); R.C.M. 1105(b)(3) and 1106(d)(5), Manual for Courts-Martial, United States, 1984. *See United States v. Carr*, 18 M.J. 297 (C.M.A. 1984) (results of a polygraph examination favorable to accused properly tendered to convening authority, though inadmissible at trial).

Except for the obvious, there seem to be relatively few limitations as to what a convening authority may consider in exercising his sentence-review discretion. *E.g.*, the staff judge advocate cannot present to the convening authority information which he knows to be unreliable or misleading. *United States v. Moles*, 10

M.J. 154 (C.M.A. 1981); *United States v. Sulewski*, 9 U.S.C.M.A. 490, 26 C.M.R. 270 (1958); *United States v. Parker*, 46 C.M.R. 737 (A.C.M.R. 1972). The staff judge advocate cannot go outside the record to sustain a finding of guilty. Further, the accused must ordinarily be given an opportunity to rebut adverse matters presented to the convening authority. Para. 85*b*, Manual, 1969, *supra*; R.C.M. 1107(b)(3)(B)(iii).

3. Presently, the convening authority's powers with respect to sentence review may be found in Article 60(c), UCMJ, 10 U.S.C. § 860(c) (App.2, Manual, 1984, *supra*) and R.C.M. 1107(d).