**448**

UNITED STATES, Appellee,

v.

Eric R. CASSELL, Airman First Class,
U.S. Air Force, Appellant.

No. 66,067.
ACM 28632.

U.S. Court of Military Appeals.

Argued Oct. 1, 1991.
Decided Dec. 9, 1991.

For Appellant: *Captain Michael D. Burt* (argued); *Lieutenant Colonel Jeffrey R. Owens* (on brief).

For Appellee: *Major Paul H. Blackwell, Jr.* (argued); *Lieutenant Colonel Brenda J. Hollis* (on brief).

*Opinion of the Court*

COX, Judge:

Appellant claims that he was denied the opportunity to respond to matters underlying the staff judge advocate's recommendation to the convening authority that his sentence be approved as adjudged. We agree with appellant for the reasons set forth below.

I

The facts underlying appellant's conviction are not contested. Briefly, he schemed to return merchandise stolen by two discharged enlisted members of the Air Force to various Army–Air Force Exchange Service (AAFES) stores for cash refunds. He also tested positive for cocaine use in a base-wide, random urinalysis inspection. He was convicted in accordance with his pleas by a military judge sitting as a general court-martial at Randolph Air Force Base, Texas, of wrongful use of cocaine, larceny, and receiving stolen property, in violation of Articles 112a, 121, and 134, Uniform Code of Military Justice, 10 USC §§ 912a, 921, and 934, respectively. He was sentenced to a bad-conduct discharge, confinement for 15 months, total forfeitures, and reduction to E-1. The convening authority approved the sentence pursuant to a pretrial agree-

ment. The Court of Military Review affirmed the findings and the sentence in a short-form decision dated October 26, 1990.

The question before us arises from the affidavit of appellant's trial defense counsel, Captain Donna M. Clark, dated July 19, 1990. Specifically, Captain Clark attests that after the trial, the chief of military justice, Captain John Chamblee, told her the legal office would recommend clemency (2-month reduction in sentence to confinement) to the convening authority if appellant received a favorable recommendation from the local Joint Drug Enforcement Task Force (JDET). Such a letter from Special Agent Kinder of JDET was provided and is found in appellant's clemency petition.[1] However, Captain Clark was later informed by Captain Chamblee that the staff judge advocate would not recommend clemency. The staff judge advocate posted an addendum to his initial recommendation which advocated approval of the adjudged sentence.

Appellant asserts that the staff judge advocate's change of heart regarding the recommendation for clemency was based on: "someone at JDET" telling Captain Chamblee that appellant "did not fully disclose his knowledge of drug users"; belief that appellant had lied about only using cocaine once; and statements from the two individuals also involved in the theft that *all* monies had been used for food, beer, and video games and not just some of the money as stated by appellant. Appellant argues that the staff judge advocate denied him the opportunity to respond to these matters by failing to detail them in the addendum to his recommendation.

## II

■ Article 60, UCMJ, 10 USC § 860 (1986), governs action taken by the convening authority. Subsection (d) specifically states:

[T]he convening authority or other person taking action under this section shall obtain and consider the written recommendation of his staff judge advocate or legal officer. The convening authority or other person taking action under this section shall refer the record of trial to his staff judge advocate or legal officer, and the staff judge advocate or legal officer shall use such record in the preparation of his recommendation.

RCM 1106, Manual for Courts–Martial, United States, 1984, provides that the staff judge advocate's recommendation "may include matters outside the record" of trial and issues not previously discussed. RCM 1106(d)(5). Likewise, a convening authority, prior to taking action on the court-martial, may also consider matters from outside the record. RCM 1105(b)(3) and 1106(d)(5); para. 85*b*, Manual for Courts-Martial, United States, 1969 (Revised edition), as cited in *United States v. Mann,* 22 MJ 279, 280 n. 2 (CMA 1986). *See also United States v. Carr,* 18 MJ 297 (CMA 1984) (results of favorable polygraph examination properly tendered to convening authority though inadmissible at trial). However, it is clear that, whether a matter is found within or outside the record, a defendant must be afforded the opportunity to rebut adverse matters presented to the convening authority. RCM 1106(f)(4) and 1107(b)(3)(B)(iii). *See United States v. Mann, supra; United States v. Goode,* 1 MJ 3, 5 (CMA 1975). *See also United States v. Healy,* 26 MJ 394 (CMA 1988); *United States v. Pena,* 22 MJ 281 (CMA 1986), *cert. denied,* 479 U.S. 1030, 107 S.Ct. 875, 93 L.Ed.2d 829 (1987); *United States v. Dowell,* 15 MJ 351 (CMA 1983); and *United States v. Siders,* 15 MJ 272 (CMA 1983).

■ In the present case, no new adverse matters *per se* were presented directly to the convening authority for consideration. For example, the staff judge advocate did not list uncharged conduct in the recom-

---

1. Special Agent Kinder's letter simply states: AIRMAN ERIC CASSELL assisted AFOSI SAJ-DET in an on-going investigation. Cassell provided written statements and personally approached targets of our investigation. Although his actions did not reveal any new information we appreciated his assistance.

mendation. Rather, he simply stated in his Addendum that his recommendation was based on "[w]eighing the matters presented by the accused at trial and through clemency against the facts and circumstances of his case." Our problem is that, given the facts of this case, too much occurred "off-the-record"; too many matters concerning appellant appear to have had an impact on the recommendation, yet were not made part of it, leaving appellant unable to respond.

RCM 1106(d)(1) provides that "[t]he purpose of the" staff judge advocate's "recommendation ... is to assist the convening authority to decide what action to take on the sentence." The staff judge advocate is required to include "[a] specific recommendation as to the action to be taken by the convening authority on the sentence." RCM 1106(d)(3)(E). The staff judge advocate technically met this requirement by recommending approval of the sentence. But the problem here is that the staff judge advocate's recommendation was founded upon important, unidentified "other matter." Defense counsel and appellant believed that the terms of the post-trial agreement had been met. Obviously, the

staff judge advocate did not. However, he did not communicate this decision to appellant to give him an opportunity to rebut the information relied upon.[2]

Ordinarily, the staff judge advocate's recommendation would have satisfied the requirements of RCM 1106(d)(4). *See United States v. Hill*, 27 MJ 293, 297 (CMA 1988) (Cox, J., concurring). However, given the unique facts of this case, fundamental fairness and the need for the appearance of an open and proper military legal system require that an accused be provided a *meaningful* opportunity to comment. *See* RCM 1106(f)(4) and (7).

The decision of the United States Air Force Court of Military Review and the action of the convening authority are set aside. The record of trial is returned to the Judge Advocate General of the Air Force for submission to a convening authority for a new recommendation and action. Thereafter, Articles 66(b) and 67(a), UCMJ, 10 USC §§ 866(b) and 867(a) (1989), respectively, shall apply.

Chief Judge SULLIVAN concurs.

Judges CRAWFORD and GIERKE and Senior Judge EVERETT did not participate.

---

**2.** The irony here is that, if the staff judge advocate had advised the convening authority of his reasons for not recommending clemency, that information would have been more damaging to appellant than the recommendation he now contests.