## UNITED STATES

v.

**Brian K. BRIGHT, Electronics Technician Second Class, U.S. Coast Guard.**

**CGCMG 0106. Docket No. 1059.**

U.S. Coast Guard Court of Criminal Appeals.

5 Sept. 1996.

Trial Counsel: LCDR Jeffrey C. Good, USCG.

Defense Counsel: LT John P. Corcoran, JAGC, USNR.

Assistant Defense Counsel: LT Andrew Norris, USCG.

Appellate Defense Counsel: LCDR Allen Lotz, USCG (On Brief).

Appellate Defense Counsel: LT Richard Beyer, USCGR.

Appellate Government Counsel: LT Frank Levi, USCGR.

Before Panel Five, BAUM, FEARNOW, and WIESE, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by general court-martial, judge alone. After pleading guilty pursuant to a pretrial agreement, he was convicted of nine specifications of making false official statements with intent to deceive, in violation of Article 107, UCMJ, and one specification of larceny of basic allowances for quarters and variable housing allowances over a three year period, in violation of Article 121, UCMJ. The judge sentenced appellant to a bad conduct discharge, confinement for two years, reduction to pay grade E–2, and a fine of $17,000. The convening authority reduced the fine to $8,500, but otherwise approved the sentence, suspending for eighteen months all confinement in excess of twelve months, as called for by the pretrial agreement.

Before this Court, appellant has assigned two errors: (1) that the convening authority abused his discretion in considering a letter from appellant's estranged wife in deciding what action to take on appellant's sentence, and (2) that this Court lacks jurisdiction to act in this case because of a Constitutionally defective judicial appointment. The second assignment has been resolved against appellant by *U.S. v. Ryder*, 44 M.J. 9 (1996), which is dispositive. Only the first assignment will be addressed.

### Consideration By The Convening Authority of Adverse Matters Outside The Record

In assignment of error I, appellant complains that the convening authority considered an adverse letter from appellant's estranged wife before acting on the record. Recognizing that the convening authority generally has broad authority and discretion in this regard, appellant asserts that this discretion is not unlimited. Citing *U.S. v. Mann*, 22 M.J. 279, 280 n. 2 (CMA 1986), appellant says, for example, that the convening authority cannot be presented with information that is unreliable or misleading, nor may he consider the race or sex of the accused in light of *U.S. v. Johnson*, 33 M.J. 1017 (ACMR 1991), *U.S. v. Brannon*, 33 M.J. 179 (CMA 1991) (summary disposition), and *U.S. v. Phillips*, 27 M.J. 402 (CMA 1988) (summary disposition). These cited limitations, notwithstanding, appellant acknowledges that no particular standards for what may or may not be considered are set forth in the Uniform Code of Military Justice or the Rules for Courts–Martial. He nevertheless contends that the convening authority abused his discretion in this instance by considering an accusatory letter from appellant's wife that apparently was submitted on her own initiative.

R.C.M. 1107(b)(3)(B)(iii) provides the only Manual for Courts–Martial direction on this subject, stating that the convening authority may consider:

> Such other matters as the convening authority deems appropriate. However, if the convening authority considers matters adverse to the accused from outside the record, with knowledge of which the accused is not chargeable, the accused shall be notified and given an opportunity to rebut.

The convening authority met the terms of this provision by providing appellant a copy of the adverse letter and affording time for response. When no reply was received, the convening authority acted. Subsequent to that action, but before the accused was officially notified or the record was forwarded for review, a letter from the mother of appellant's wife was received by the staff judge advocate challenging much of what the wife had said. The staff judge advocate provided that letter to the convening authority with the advice that he should consider it and, if he desired to modify his action, such could be accomplished. The action was not modified, and appellant now contends that the convening authority abused his discretion in initially considering the letter from appellant's wife.

When the staff judge advocate provided the wife's letter to the convening authority, he advised that she had been the person who originally brought the accused's misconduct to the attention of the government and that she asked to provide some input into the convening authority's decision on the sentence. Accordingly, the staff judge advocate stated that he was submitting her letter "in the spirit of the DOD Victim and Witness Assistance Program implementing the Victims Rights and Restitution Act of 1990."

Appellant contends that his wife is not a victim of any of the offenses in either the ordinary sense of the word or in the definition of victim contained in the Act, which defines victim as "a person that has suffered direct physical, emotional, or pecuniary harm as a result of the commission of a crime . . . ." Victims' Rights and Restitution Act of 1990,

Pub.L. 101–647, § 503, 104 Stat. 4820, 4822 (1990). As appellant points out, the crimes of which he was convicted consist of making false official statements and stealing money from the government, not from his wife. He says that she suffered no harm or loss as a result of his actions and that she is not a victim of these offenses in any sense. Instead, her letter alleges misconduct unrelated to the offenses for which he was prosecuted and presents alleged financial problems, which appellant says are wrongly implied to be his fault and the result of his offenses. Appellant contends that service on the defense of the staff judge advocate's addendum, which included this vindictive letter, cannot remove the taint of its consideration by the convening authority and that he was, therefore, denied the fair, accurate, and legally appropriate review to which he is entitled.

■ We disagree. As previously indicated, no limitation on what a convening authority may consider is set out in the Rules for Court–Martial, as long as the matters to be considered are served on the accused and counsel, with the opportunity to reply. Although not stated in the Rules for Courts–Martial, there may be limitations on what the convening authority may consider, as asserted by appellant. If so, those limitations and objections should be raised before the convening authority acts. Otherwise, they are waived. Here, while appellant may be correct that the letter from his wife does not qualify as one from a victim, consideration by the convening authority was not dependent on that rationale. It was a matter within the discretion of the convening authority whether he considered the letter on that basis or some other. If appellant desired to challenge the appropriateness of such consideration, he should have made that challenge known at the time the letter was served on him, not for the first time on appeal. Since appellant did not object to the convening authority's consideration of the letter at the time he was served, the issues he now presents are deemed to have been waived. Accordingly, appellant's assignment of error in this regard is rejected.

## Conclusion

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved and partially suspended below, are affirmed.

Judge FEARNOW concurs.

Judge WIESE did not participate in this decision.